(No. 27065.—

FRANK BLYMAN *et al.,* Appellants, *vs.* SHELBY LOAN AND TRUST COMPANY *et al.,* Appellees.

*Opinion filed March 18, 1943.*

416

Arthur Yockey, and U. G. Ward, for appellants.

Philip L. Turner, and John J. Baker, for appellees.

Mr. Chief Justice Stone delivered the opinion of the court:

Appellants, claiming to be the only heirs-at-law of William G. Blyman, deceased, filed in the circuit court of Shelby county a complaint seeking partition of certain real estate of which said Blyman died seized. They sought also to consolidate with their case an appeal from the county court pertaining to the admission of a claimed will of Blyman to probate. This motion was denied and, on motion of appellees, appellants' complaint was dismissed.

The complaint recites that shortly after the decease of Blyman there were filed in the county court of Shelby county, two written instruments, each purporting to be his last will and testament. The complaint also recites that one of these, known in this record as the will of March 13, 1937, was later, by this Supreme Court, held not to be the last will and testament of Blyman. (*Shelby Loan and Trust Co.* v. *Milligan,* 372 Ill. 397.) They also allege

that the other purported will, known herein as the will of February 5, 1937, was admitted to probate and that the Shelby Loan and Trust Company, an appellee in this case, was appointed executor; that an appeal was taken to the circuit court of Shelby county and that court set aside the order of the county court appointing the Shelby Loan and Trust Company executor, and that no appeal was taken from that last order of the circuit court which was entered on December 4, 1937. The complaint alleges that this will was invalid and of no effect. The complaint further alleges, without showing what thereafter happened regarding these purported wills, that the Shelby Loan and Trust Company, acting as executor, made no honest effort to determine who the lawful surviving heirs of Blyman were, and that by reason thereof they violated the Federal constitution guaranteeing due process as to giving such notice. They allege that neither the county court nor the circuit court of Shelby county, for reasons set forth, had any jurisdiction of either the person or property of the surviving heirs.

The complaint then sets forth that Blyman departed this life intestate on April 8, 1937, and left him surviving as his sole and only heirs-at-law these appellants: Frank Blyman and Barbara Kinsella of Brooklyn, New York, and Josephine Gottwerth, Gertrude Phipps and Isadore Surges, all of Newark, New Jersey, who are his first cousins, and who, the complaint alleges, are seized in fee, each of a one-fifth interest in the property of which Blyman died seized. They seek partition, an accounting, and appointment of a receiver. They also, in the complaint, seek to have taken proof of heirship and determination of Federal or State inheritance or gift taxes. They seek also a decree finding that both of the purported wills of Blyman are invalid and that Blyman died intestate and appellants are his only heirs-at-law.

Although appellants allege in their complaint that they are first cousins of the deceased, and give their names and

places of residence, no explanation appears in the complaint as to the line of inheritance by which each becomes entitled to a one-fifth interest.

Appellees filed a joint and several motion to strike the complaint and dismiss the cause, assigning as grounds therefor: (1) that the complaint is vague, indefinite, fails to comply with section 5 of the Partition Act, and is not properly verified; (2) the complaint is based on conclusions of the pleader and does not allege facts upon which a cause of action could be founded, or that would invalidate the February 5th will, and also that it consists largely of scandalous and impertinent matter. This motion was sustained and the complaint dismissed.

Appellants say here that the court should have permitted the consolidation with their case of the appeal from the county court permitting the so-called February 5th will to be probated. They say that the subject matter was in part the same; that their complaint for partition was in equity and constituted the principal case which depended upon the outcome of the appeal from the county court, although the allegations of their bill in equity were in no way connected with any of the questions at issue in the appeal case from the county court in probate.

They cite in support of this contention, *Yockey* v. *Marion,* 269 Ill. 342, which was a bill by an executor to construe a will and a certain antenuptial contract, praying that the court decree that the contract barred dower, homestead, widow's award, and other legal rights of the widow in the estate. The widow had filed her bill against the executor and others for a partition of real estate owned by the testator and for the assignment of dower and homestead, alleging the antenuptial contract was void and was cancelled. Those causes, together with action on her petition for widow's award, were consolidated in the circuit court. The decree construed the will and the antenuptial contract and held the widow was barred by the

contract of all right and interest in the estate except the widow's award. The propriety of the consolidation of the three causes was not in this court questioned and was not passed upon. The case therefore is of no assistance in determining the correctness of the chancellor's order in this case, denying motion to consolidate.

The general rule is that either party to a chancery proceeding has a right to insist that litigation be not unnecessarily prolonged or involved, and that power to consolidate causes in equity is implied and rests in the sound discretion of the court. (*Barnes* v. *Swedish American Nat. Bank,* 371 Ill. 20; *Springer* v. *Koreschell,* 161 id. 358; *Russell* v. *Chicago Trust and Savings Bank,* 139 id. 538.) The test usually followed is whether the actions can be joined in one complaint. If they can be, then they can generally be consolidated. *Barnes* v. *Swedish American Nat. Bank, supra; Miles* v. *Danforth,* 37 Ill. 156.

It will be observed that in the case before us appellants' complaint alleged that Blyman died intestate; that they were his sole heirs-at-law and entitled to partition of the real estate left by him and they seek a decree so holding. An accounting is also sought. The appeal sought to be consolidated with the equity case was from an order of the county court vacating a previous order admitting to probate the purported will of Blyman dated March 13, 1937, and vacating an order appointing one D. A. Milligan executor thereof, admitting to probate the purported will of Blyman dated February 5, 1937, and appointing the executor. It will be observed that the subject matter of those proceedings and that of appellants' complaint here for partition could scarcely have been properly joined in a single complaint in chancery. They call for inconsistent remedies and the chancellor did not err in refusing to permit the consolidation. It may be further observed that there is pending in this court an appeal, No. 27066, from the order of the circuit court of Shelby county of October 10, 1942,

admitting to probate on a hearing *de novo,* the purported will of Blyman dated February 5, 1937. Of the record in that case this court takes judicial notice.

The next question pertains to the sufficiency of appellants' complaint to state a cause of action. Apparently the primary purpose of their petition, if we understand it, was for partition of real estate, to quiet title, for accounting, and appointment of a receiver as ancillary relief. It is fundamental that the allegations of a complaint of this character must show the plaintiffs to be the owners of the real estate sought to be partitioned. (*Harris* v. *Ingleside Building Corp.* 370 Ill. 617.) Their complaint in this case alleged the death of Blyman, said he was intestate and that they were the owners of his real estate as tenants in common because they were his cousins. The facts in so far as sufficiently alleged, but not the conclusions pleaded, were admitted by the motion to strike the complaint.

One of the grounds of the motion to strike is that the complaint does not show the plaintiffs have legal title to the estate sought to be partitioned. An examination of their complaint discloses that the allegations of ownership do not state facts upon which appellants might base claim of ownership as tenants in common. The allegation that appellants are first cousins of the deceased and are his sole heirs-at-law, is but a conclusion of the pleader. No facts are pleaded by which it can be determined whether appellants' relationship to the decedent was derived through a common ancestor, or through what ancestor or ancestors they claim. It is not sufficient to allege they are cousins of the deceased, but allegations of fact stating the basis of the relationship, sufficient to require the defendants to answer and to enable the court to determine the truth of the pleadings, were necessary to render the complaint sufficient. (*Harris* v. *Ingleside Building Corp. supra; Maroney* v. *Haas,* 277 Ill. 467.) There is nothing in the Civil Practice Act which changes this rule. Section 31 of that act, (Ill. Rev. Stat. 1941, chap. 110, par. 155,) abolishes the

distinction between actions at law and in equity, but that section also provides: "But this section shall not be deemed to affect in any way the substantial averments of fact necessary to state any cause of action either at law or in equity."

The complaint is styled a complaint for partition, and a part of the prayer is for that relief, yet the complaint contains allegations that Shelby Loan and Trust Company, a corporation, is acting under appointment of the county court of Shelby county as executor of what appellants term a purported will of Blyman. The petition charges that the executor made no effort to determine or aver, in seeking probate of the February 5th will, who are the lawful surviving heirs of Blyman; that no notice of any kind was served on them and that, in fact, Blyman died intestate. The complaint clearly indicates on its face that before appellants can have partition of real estate they must show that the order of the county court appointing Shelby Loan and Trust Company executor has been, in a proper proceeding, set aside, and that the instrument which appellants have branded as an illegal and false purported will has been so declared. While such allegations do appear in the complaint, yet the record before us in case No. 27066 shows the contrary to have occurred in the circuit court. Failure to allege sufficient facts to show that no will of Blyman is in existence, of itself rendered their complaint subject to a motion to dismiss. This case clearly appears to be an attempt on the part of appellants to contest the validity of the probate of the will by a complaint in chancery for partition. The right to that relief is purely statutory and can be availed of only under section 90 of the Probate Act. Ill. Rev. Stat. 1941, chap. 3, par. 242.

The allegations of the complaint sufficiently show that appellants claim title to the real estate sought to be partitioned as the heirs of Blyman, but that the county court of Shelby county exercised jurisdiction over his estate and appointed an executor of what appellants designate a void,

purported will. The prayer is not only for partition but for a decree declaring that Blyman died intestate. The county court had original jurisdiction over the administration of the estate. Thus the complaint in this case is a collateral attack on the jurisdiction of the county court and the relief prayed is that a court of chancery assume jurisdiction of the estate of Blyman and in a collateral proceeding determine the validity of the will admitted to probate. To permit the appellants in this action to attack the probate of the will of Blyman, would be inequitable and unauthorized by law. (*Keister* v. *Keister,* 178 Ill. 103.) Partition of the real estate can scarcely be decreed in conformity with the appellants' complaint or otherwise until the will admitted to probate is declared null and void. To hold otherwise would also, in effect, permit appellants to contest the will without compliance with the rules controlling such contests. *Dibble* v. *Winter,* 247 Ill. 243.

The chancellor did not err in dismissing the complaint. The decree of the circuit court is affirmed.

*Decree affirmed.*