(No. 29752.—

ARTHUR DICKMAN, Exr., Appellant, *vs.* DICK FRIELING *et al.*, Appellees.

*Opinion filed November 20, 1946.*

JOHN H. BECKERS, and EUGENE J. LAMARRE, both of Kankakee, for appellant.

EVA L. MINOR, of Kankakee, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On August 10, 1940, William Frieling and Lizzie Frieling, husband and wife, executed an instrument which purported to be a joint reciprocal will. They owned a small amount of personal property and some improved city lots located in the city of Kankakee. The title to the real estate was in William Frieling's name. They had no lineal descendants. The will devised reciprocal life estates and directed that the remainder be divided into two equal parts. After deducting specific bequests totaling $1900 from one of such parts, the remainder was to be divided equally between certain collateral kindred of Lizzie Frieling. The remaining one-half, after deducting specific bequests totaling $1100, was to be divided equally between certain relatives of William Frieling. Lizzie Frieling died March 31, 1941. It does not appear that any attempt was made to probate the instrument as her will during the lifetime of William Frieling. He died January 23, 1945. On May 7, 1945, the county court of Kankakee county admitted the instrument to probate as the will of each decedent. Arthur Dickman, who was nominated as executor, qualified and letters testamentary were issued to him in each estate. In his right as a beneficiary under the will and interested in the real estate, and in his capacity as executor of each of the estates, he started this suit in the circuit

court of Kankakee county to partition the real estate so as to effect a distribution to the parties named in the will. Beneficiaries under the will, the heirs-at-law of each decedent and others were made parties defendant. W. C. Frieling a defendant-appellee and an heir-at-law of William Frieling, moved to dismiss the complaint for want of equity. The single ground pleaded in support of the motion was that the will was void. The motion was sustained and the suit dismissed. Plaintiff has appealed to this court.

Facts alleged in the complaint pertinent to a consideration of the motion are, that after the execution of the joint will and after the death of Lizzie Frieling, William Frieling married Ida M. Spotz. She survived him. So far as the record shows, she is making no claim for any part of the estate other than the $1000 which she was to receive by the terms of her antenuptial contract with William Frieling. She was made a party defendant to the action and plaintiff alleges his willingness to recognize the contract and to deduct for her from the assets of the estate the sum of $1000. Other rights given her by the contract are immaterial here. In consideration of the benefits given by the contract, Ida M. Spotz agreed that she accepted the same in lieu of any and all rights or claims of dower, inheritance and descent, in any real estate owned by William Frieling at the time of his death. In the event William Frieling survived Ida M. Spotz, he waived all interest in her property.

Section 46 of the Probate Act (Ill. Rev. Stat. 1945, chap. 3, par. 197,) provides that marriage by a testator shall be deemed a revocation of any existing will which was executed prior to the date of the marriage. Defendant contends that the facts appearing on the face of the complaint bring the will within the statute and that the marriage of William Frieling to Ida M. Spotz revoked the will as to him. Plaintiff contends the defense thus interposed is a collateral attack on the judgment of the county court which admitted the will to probate.

The relief sought by plaintiff in this case was in recognition of the validity of the instrument admitted to probate by the county court. Plaintiff's right to maintain the action, either in his individual capacity as a beneficiary under the will or in his representative capacity as executor of either estate, was dependent on the validity of the will. The action was in no sense a direct proceeding brought under section 90 of the Probate Act (Ill. Rev. Stat. 1945, chap. 3, par. 242,) to contest the validity of the will, and the pleading of facts in reference to the marriage of William Frieling to Ida M. Spotz does not alter the purpose of the action nor convert it from a suit to partition lands into an action to contest the validity of the will.

It has long been the rule in this State that a will contest cannot be injected into partition proceedings; that in a suit to contest, the only question is whether the instrument produced is the will of the testator. (*Dibble* v. *Winter*, 247 Ill. 243; *Hollenbeck* v. *Cook*, 180 Ill. 65; *Keister* v. *Keister*, 178 Ill. 103.) It has been held that the right to contest a will in chancery is a right conferred by statute and independently of the statute no such right exists. (*Selden* v. *Illinois Trust and Savings Bank*, 239 Ill. 67; *Waters* v. *Waters*, 225 Ill. 559.) It has also been held that a suit to contest a will as authorized by statute is a direct attack on the order of the court admitting the will to probate. (*Dibble* v. *Winter*, 247 Ill. 243; *Purdy* v. *Hall*, 134 Ill. 298.) The will may be contested in such an action on the grounds that it has been revoked. *Dowling* v. *Gilliland*, 275 Ill. 76; *Sternberg* v. *St. Louis Union Trust Co.* 394 Ill. 452.

Defendant Frieling recognizes the rule that if the county court had jurisdiction of the parties and subject matter, its judgment is conclusive until set aside on appeal or by judgment entered in a proceeding brought under the statute to contest the validity of the will. However, he seeks to void the force of the rule on the theory that the county court

did not, under the facts alleged in the complaint, have jurisdiction of the subject matter. Such contention is based on the assumption that when William Frieling married Ida M. Spotz the statute *ipso facto* revoked the will and there being no will there was no subject matter over which the court could exercise jurisdiction.

It is, not necessary to determine in this case whether the agreement between William Frieling and Lizzie Frieling to make a joint reciprocal will created rights that a court of equity would preserve by enforcing the contract, neither is it necessary to determine the conditions under which a survivor of two persons who have mutually agreed to the making of a joint will, and have executed the same, may revoke the instrument. Such questions might arise in a proceeding brought under the statute to contest the will, but they are not subjects for consideration in this case.

The case of *Bowen* v. *Allen,* 113 Ill. 53, was an action in ejectment. To establish his cause of action plaintiff introduced in evidence the will of Ann Quinn, in which he was named as devisee of the lot in dispute. Defendant was claiming the property as grantee of certain heirs-at-law of testatrix. The will had been admitted to probate by the county court and the order was affirmed on appeal to the circuit court. Various reasons were advanced by defendant against the admission of the will in evidence, one of which was that after testatrix executed the will she married one Pearson. Referring to the marriage and the revocation of the will the court said: "This * * ·* is concluded by the judgment of the circuit court establishing and admitting the will to probate. This was a question to be considered in that case, and no doubt was. The question there tried was, whether it was the will of testatrix, and after hearing the evidence, on the trial, it was found that it was, and that finding must stand until the judgment is reversed or otherwise annulled by some regular proceeding had for the purpose. As long as it

stands unreversed and unimpeached, it imports verity in all collateral proceedings. We must therefore receive and act upon it as the last will of testatrix. We have no power in this proceeding, to review the judgment of the circuit court, and it is conclusive of this question." In view of the holding of that case, the county court was not without jurisdiction of the subject matter when it admitted the instrument to probate as the will of William Frieling. For further application of the rule, see *Chicago Title and Trust Co.* v. *Brown,* 183 Ill. 42.

It was alleged in the complaint that when William Frieling and Lizzie Frieling executed their joint will they were possessed of certain property which had been acquired during their married life through their joint efforts, saving and except that Lizzie Frieling had inherited $3,000 from her father's estate, all of which had been invested in the real estate described. It was further alleged that the title to the real estate stood in the name of William Frieling but that it was the intention and understanding that each was equitably entitled to an undivided one-half interest in all of said property and that desiring to equitably divide their property between their respective relatives and others, they covenanted and agreed to make the joint reciprocal will. Defendant Frieling contends that the allegation that the title to the real estate was in the name of William Frieling shows that Lizzie Frieling had no interest in the property other than her inchoate right of dower, and that therefore the agreement to make a joint will fails because there was a failure of consideration. This question, like the first, for the reasons already stated cannot be considered as a defense in this action.

The decree of the circuit court is reversed and the cause remanded, with directions to overrule defendant Frieling's motion to dismiss the complaint for want of equity.

*Reversed and remanded, with directions.*