67 Ill. App.3d 463 (1979)
384 N.E.2d 589
In re ESTATE OF LAURA VIOLA WATTS, Deceased.  (CARL H. MANHART et al., Co-Ex'rs of the Last Will and Testament of Laura Viola Watts, Plaintiffs-Appellees,
v.
CARL H. MANHART, Defendant-Appellee.  (VIRGINIA WARREN et al., Defendants; MELVIN M. FITZPATRICK et al., Defendants-Appellants.)
No. 14886.
Illinois Appellate Court  Fourth District.
Opinion filed January 4, 1979.
*464 Joseph P. Smith, Jr., of Mattoon, for appellants.
Harlan Heller, of Mattoon, for appellees.
Reversed and remanded.
Mr. JUSTICE CRAVEN delivered the opinion of the court:
Melvin M. Fitzpatrick and Arnold F. Fitzpatrick appeal from an order of the circuit court of Coles County declaring the will of Laura Viola Watts to have been properly admitted to probate and ordering distribution in accordance therewith.
On January 31, 1977, following the death of the decedent, Carl Manhart, Virginia Warren, and Frank Warren petitioned the court for admission of the will to probate and for letters testamentary. The will devised items of personalty and money to named beneficiaries, one of whom was Virginia Warren, and devised the residuary estate to Carl Manhart. Virginia Warren and Frank Warren were named as contingent beneficiaries of the residuary estate. The will was signed by the decedent, attested by Carl Manhart, Virginia Warren, and Frank Warren, notarized by Virginia Warren. Carl Manhart, Virginia Warren, and Frank Warren were named in the will as co-executors.
The court admitted the will to probate on February 18, 1977, appointed Carl Manhart, Virginia Warren, and Frank Warren as co-executors, and found Melvin and Arnold Fitzpatrick to be the decedent's heirs at law. No appeal was taken from the trial court's order at that time and no suit to contest the validity of the will was instituted within the statutorily prescribed period. Ill. Rev. Stat. 1975, ch. 3, par. 8-1.
On August 25, 1977, the co-executors filed a complaint for declaration of rights of the beneficiaries and heirs at law. The trial court's order entered on February 15, 1978, upheld the validity of the will and ordered distribution in accordance therewith.
On appeal, Melvin and Arnold Fitzpatrick seek to have the trial court's order admitting the will to probate reversed, or, in the alternative, seek to have the February 15, 1978, order vacated to have all interests of the attesting witnesses declared void.
 1 We conclude that since no appeal was taken from the order admitting the will to probate and no suit to contest the validity of the will was instituted within the six-month period prescribed by statute, the trial court, and, hence, this court, lacked jurisdiction to hear any question regarding the validity of the will. Will contests and probate proceedings are dependent entirely upon statutory authority and none exists for appeal of the question of validity of the will at this point.
*465 Although we will not disturb the trial court's finding that the decedent died testate, pursuant to section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57.1), this court does have jurisdiction to declare the rights of the parties interested in the will. Melvin and Arnold Fitzpatrick have argued that the interests of Carl Manhart, Virginia Warren, and Frank Warren are invalid since they were attesting witnesses to the will and testified at the hearing to admit the will to probate. According to this argument, the interests of all three would pass by intestacy to Melvin and Arnold Fitzpatrick, the decedent's heirs at law.
The relevant statute reads:
"If any beneficial devise, legacy, or interest is given in a will to a person attesting its execution or to his spouse, the devise, legacy, or interest is void as to that beneficiary and all persons claiming under him, unless the will is otherwise duly attested by a sufficient number of witnesses as provided by this Article exclusive of that person; * * *." Ill. Rev. Stat. 1971, ch. 3, par. 44.
We cannot agree with the argument of the co-executors that the testimony of Frank Warren and Virginia Warren was sufficient to uphold the interest of Carl Manhart, and that the testimony of Carl Manhart and Frank Warren was sufficient to uphold the interest of Virginia Warren. The policies underlying the requirement of two credible witnesses to a will are too strong to permit an interpretation of the statute which would allow attesting witnesses to bootstrap the interests of one another.
 2 We conclude that the statute must be applied such that if the will is duly attested by two credible, disinterested witnesses, then the witnesses who have an interest under the will may take. In this case, the will was not attested by two credible, disinterested witnesses, and as a result, the interests of Virginia Warren and Carl Manhart are void and the contingent interests of Virginia Warren and Frank Warren must likewise be declared void.
Since the attesting witnesses are declared to have no beneficial interests under the will, it is our conclusion that the attestation of the will is sufficient to uphold the validity of the remainder of the bequests.
The specific bequests to Virginia Warren and the bequests of the residuary estate having been declared void, that portion of the estate shall pass by intestacy to the decedent's heirs at law.
Accordingly, the order of the trial court is reversed and remanded with directions to order distribution in accordance with this opinion.
Reversed and remanded with directions.
REARDON, P.J., and GREEN, J., concur.