*In re* ESTATE OF WALTER H. MOERSCHEL, Deceased.—(MILDRED MOERSCHEL, Petitioner-Appellant, *v.* GLENN MOERSCHEL, Ex'r of the Estate of Walter H. Moerschel, Respondent-Appellee.)

Second District    No. 79-287

Opinion filed July 16, 1980.

*′* Zaleski & Zaleski, of Des Plaines, and Harry C. Kinne, Jr., of McHenry, for appellant.

James A. Campion, of Joslyn & Green Professional Corporation, of Woodstock, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Petitioner, Mildred Moerschel, appeals from the dismissal of her petition for a declaratory judgment (Ill. Rev. Stat. 1977, ch. 110, par. 57.1(1)) that the will of her deceased husband, Walter H. Moerschel, was void and that he died intestate leaving her as his sole heir at law.

The will was executed in Wisconsin on May 15, 1974, by decedent, who was then a widower and  resided in that State. Mildred and Walter Moerschel were thereafter married in Wisconsin on September 25, 1974, and continued to reside there until May of 1977, when they moved to Crystal Lake, Illinois. The testator died a resident of Crystal Lake on December 28, 1977, and his will was admitted to probate on February 27, 1978, in McHenry County, Illinois. Petitioner filed her renunciation of it on that same day (Ill. Rev. Stat. 1977, ch. 110½, par. 2—8). Thereafter, on January 29, 1979, she filed the petition which is the subject of this appeal in the probate proceeding seeking declaration that her marriage to Walter

had caused his prior will to be revoked by operation of Wisconsin law. (Wis. Stat. Ann. §853.11(2) (1971).) Glenn Moerschel, executor of the estate and respondent herein, moved to dismiss the petition on the ground that the declaratory judgment action was in the nature of a will contest and was therefore barred as not brought within six months after the admission of the will to probate as is required by statute. (Ill. Rev. Stat. 1977, ch. 110½, par. 8—1.) The trial court agreed and dismissed the petition. We affirm.

Essentially, petitioner contends that under Wisconsin law a testator's subsequent marriage revokes a prior will, thus the instrument admitted to probate in McHenry County was void and consequently the trial court was without jurisdiction to administer it. (*In re Estate of Jones* (1976), 74 Wis. 2d 607, 247 N.W.2d 168; *In re Estate of Stolte* (1967), 37 Ill. 2d 427, 226 N.E.2d 615.) Respondent contends, however, that petitioner's action is actually a will contest and is barred as untimely having been filed more than six months after admission of the will to probate.

■■ Section 8—1 of the Probate Act of 1975, as pertinent to this case, provides:

"Within 6 months after the admission to probate of a domestic or foreign will in any court of this State, any interested person may file a petition in the proceeding for the administration of the testator's estate to contest the validity of the will." (Ill. Rev. Stat. 1977, ch. 110½, par. 8—1.)

It has become well established that the courts lack jurisdiction to hear any question regarding the validity of a will where that issue was not contested within the period prescribed by statute. (*In re Estate of Watts* (1979), 67 Ill. App. 3d 463, 384 N.E.2d 589; *In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 251 N.E.2d 910; *Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 243 N.E.2d 236; *Blyman v. Shelby Loan & Trust Co.* (1943), 382 Ill. 415, 47 N.E.2d 706; *Masin v. Bassford* (1943), 381 Ill. 569, 46 N.E.2d 366; and *Havill v. Havill* (1928), 332 Ill. 11, 163 N.E. 428.) In *Julia Rackley Perry Memorial Hospital v. Peters* (1980), 81 Ill. App. 3d 487, 401 N.E.2d 587, the court held that an appeal from an order admitting a will to probate would not toll the running of the six-month period within which a will contest must be commenced. It referred to *Pedersen v. Dempsey* (1950), 341 Ill. App. 141, 143, 93 N.E.2d 85, 86, wherein the court noted that:

"The statute limiting the time for filing a bill to contest a will was first fixed at five years, then reduced to three, then to two, and ultimately to its present period of nine months. The reason for these reductions in the time within which the validity of a will may be questioned is the pressing importance of securing an orderly settlement of estates, to prevent embarrassment to creditors and

others, and to avoid as much confusion as possible in the vast amount of property rights and titles that pass through probate. So important has this been deemed by courts and legislatures that neither fraud and concealment, nor the admitted incompetency of an attesting witness nor even the insanity of an heir can upset an order of probate after the time allowed. [Citations.]"

In considering section 90 of the Probate Act (Ill. Rev. Stat. 1965, ch. 3, par. 90), a predecessor to section 8—1 which is before us in the present case, our supreme court held that the period of limitations for filing a will contest was jurisdictional and not tolled by fraudulent concealment or any other fact not provided for by statute. (*Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 243 N.E.2d 236.) In a context similar to that presented here, but where the will was contested within the statutory period, the court noted that a will contest may be brought once a will was admitted to probate, but "[i]f no such proceeding is brought, the validity of the will is finally established * * * for all purposes * * * [and when a foreign will is] admitted to probate in this State, it is valid for all purposes, unless set aside in a suit brought to contest it. It cannot [thereafter] be collaterally attacked in any other proceeding." *Sternberg v. St. Louis Union Trust Co.* (1946), 394 Ill. 452, 459-61, 68 N.E.2d 892, 896-97.

Petitioner acknowledges that the validity of a will which has been duly admitted to probate cannot be collaterally attacked but she contends, nevertheless, that since this is a declaratory judgment action, it is not a will contest and is not subject to the six-month limitation period otherwise provided. In *Dibble v. Winter* (1910), 247 Ill. 243, 251, 93 N.E. 145, 148, a· case in which a will was sought to be declared null and void and set aside as a cloud on the title of real estate, the court declined to do so, stating, "[w]hen the only relief that can be had is to set aside a will and render it null and void, the same as would a contest under section 7 [now section 8—1] of the act on wills, it is, in effect, a contest of the will and must be governed by rules of law controlling such contests." It has also been held that the validity of a will cannot be raised as a basis for or defense to a partition suit. (*Blyman v. Shelby Loan & Trust Co.* (1943), 382 Ill. 415, 47 N.E.2d 706; *Dickman v. Frieling* (1946), 395 Ill. 383, 70 N.E.2d 61.) Nor may a section 72 proceeding (Ill. Rev. Stat. 1977, ch. 110, par. 72) be used to institute an original action to contest the validity of a will where the statutory period has expired. (*Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 243 N.E.2d 236.) The court there determined that the real purpose of the proceeding was to find a means to invalidate the will on the grounds of alleged lack of mental capacity of the decedent and considered it to be a will contest (41 Ill. 2d 412, 414, 243 N.E.2d 236, 237; see also *In re Estate of King* (1968), 91 Ill. App. 2d 342, 235 N.E.2d 276).

■■ In our view where the only relief which can be provided in an action is a determination that a will is void, it must be construed as a will contest (*cf. Neurauter v. Reiner* (1969), 117 Ill. App. 2d 141, 254 N.E.2d 66) and therefore must be brought within the six-month statutory period or be barred. Such a result necessarily follows from the jurisdictional nature of the time limitation on will contests and is consistent with the strong and long standing policy of this State favoring the orderly administration of estates.

It is true, as petitioner urges, that the remedy of declaratory judgment should be liberally available (*Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 389 N.E.2d 529) and that the declaratory judgment provisions of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57.1(1)) do provide for the construction of a will. Here, however, petitioner does not seek a construction of the terms of the will or of its administration, but challenges its validity (*cf. Cordell v. Bright* (1960), 24 Ill. App. 2d 76, 164 N.E.2d 81 (abstract opinion)) long after the time has expired when such an attack may be made. Petitioner's argument that declaratory judgment provides a concurrent remedy for contesting the validity of a will which is not subject to the limitations period of section 8—1 is not persuasive.

We need not consider in this case whether Wisconsin or Illinois law controls the effect of a subsequent marriage on the validity of a prior will (compare Wis. Stat. Ann. §853.11(2) (1977) with Ill. Rev. Stat. 1977, ch. 110½, par. 4—7). Even if we were to assume that testator's remarriage revoked his will, the trial court lacked jurisdiction to consider the petition seeking a declaratory judgment that the will was void after the expiration of the six-month limitation period provided under the Illinois statute. See *Masin v. Bassford* (1943), 381 Ill. 569, 46 N.E.2d 366.

For these reasons the judgment of the Circuit Court of McHenry County dismissing the petition for declaratory judgment is affirmed.

Affirmed.

LINDBERG and UNVERZAGT, JJ., concur.