ROBERT C. ROBINSON *et al.*, Plaintiffs-Appellants, *v.* FIRST STATE BANK OF MONTICELLO *et al.*, Defendants-Appellees.

Fourth District    No. 17267

Opinion filed February 4, 1982.—Rehearing denied April 13, 1982.

Harlan Heller, of Harlan Heller, Ltd., of Mattoon, for appellants.

Kenneth Kinser, Monroe, Wilson, Dyar, Houchens & McDonald, and Michael I. Campbell, of Hull, Campbell, Robinson & Gibson, all of Decatur, for appellees.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs appeal from the order of the trial court which dismissed their complaint for money damages upon the motions by the respective defendants made pursuant to section 48 of the Civil Practice Act. Ill. Rev. Stat. 1979, ch. 110, par. 48.

Plaintiffs are the heirs at law of Cordelia Davis, whose will and codicil were admitted to probate on October 10, 1978. On that date defendant (Bank) was appointed executor. Defendant, Doss, received substantially all of the testator's estate under the will and codicil which were executed on November 15, 1974, and August 20, 1976, respectively.

The will and codicil drafted by an attorney, Kenneth Kinser, recited that Doss had been testator's friend, confidant and legal advisor and that Doss had refused to prepare the will for testator because of his professional relationship. Kinser is the attorney for the decedent's estate.

Although not included as parties to the actions, we designate five individuals unrelated to testator who were legatees and devisees under a will executed on March 10, 1973, as Anderson. The record discloses that on December 17, 1973, testator executed, in the presence of witnesses, and verified a document designated "Disclaimer, Cancellation, Nullification and Revocation." It recited that it is directed to the cancellation, disclaimer and revocation of all documents, instruments, pleadings, and other "written data," as well as a will prepared by an attorney from Chicago. The recitation discloses that the latter apparently became decedent's attorney at the suggestion of Anderson.

On April 6, 1979, the plaintiffs and Doss, together with Anderson as three designated parties acting through their respective attorneys, entered into a written agreement which stated the interests of the several parties and recited:

> "WHEREAS, Robinson (plaintiffs) et al have agreed to refrain from filing a suit to contest either Will of Cordelia R. Davis above described, and Doss and Anderson, et al have agreed to pay Robinson, et al from the estate assets the sum of One Hundred Twenty-Five Thousand Dollars ($125,000.00).
>
> * * *
>
> 3. Robinson, et al agree that they will not file a lawsuit to contest the Wills and Codicil of Cordelia R. Davis above described.

4. Doss and Anderson, et al agree that Robinson, et al will be paid the sum of One Hundred Twenty-Five Thousand Dollars ($125,000.00) out of the assets of the estate."

The document was executed by persons designated as the attorneys acting for each of the three parties. Beneath the signature of the attorneys and to the left margin was the notation "APPROVED AND ACCEPTED" with the signature of the attorney designated as the attorney for the executor.

The record contains a probate form identified as "EXHIBIT 4" to the pleading designated "RECEIPT ON DISTRIBUTION," reciting the receipt of cash in the sum of $125,000, pursuant to the agreement dated April 6, 1979. The document is not dated and bears no file stamp, but is signed by the attorney in behalf of the plaintiffs. The form waived notice and consented to approval of the final account of defendant Bank in its capacity of executor of the estate.

On March 4, 1981, plaintiffs filed a "PETITION FOR CITATION TO DISCOVER INFORMATION," directed to the attorney for the estate, the president of the Bank and defendant Doss. As to the Bank and the attorney for the estate it is alleged that there was a duty as a fiduciary to disclose the document which purported to revoke the first will of the testator; that defendants failed to so disclose the existence of the document with the result that plaintiffs failed to file a will contest and entered into the settlement agreement. It was alleged that the original document could not be found, although a photocopy of an executed copy was attached to the petition.

The petition alleged that there were "substantial grounds" to contest the probated will for the reason that Doss was attorney for the testator at the time of the execution of the will and codicil and received most of testator's property while serving in a fiduciary capacity.

The petition prayed discovery of the document of revocation, correspondence concerning it, and any other wills. Each defendant filed a motion to dismiss the petition. The written order found that the trial court did not have jurisdiction to entertain the petition, and that the petitioners had not shown an interest in the estate. The order contained a finding that there was no just cause for delay of appeal.

No appeal has been sought as to either the order probating the will and codicil or the petition for discovery. On April 6, 1981, plaintiffs filed this complaint.

Count I of the complaint is against the defendant Bank, which alleged the interests of the parties, the execution of the first will in 1973, the document of revocation, the execution and probate of the second will and codicil and alleged, in general terms, that as executor the Bank was a fiduciary to the heirs, that the heirs had a right to know of the revocation

of the executed will in 1973, and alleged, in general terms, that the heirs had not known of the document of revocation and that the executor knew that the heirs would not have settled as in the agreement if they had known of such document. Without allegation of facts, the Bank's conduct is characterized as "concealment."

Count II of the complaint was directed against the Bank as executor and alleged that the defendant Bank had a duty to exercise reasonable care to disclose the facts described and knew that the plaintiffs would settle in the absence of such discovery, but that it negligently failed to disclose the fact of revocation with the proximate result that the plaintiffs were deprived of their inheritance.

Defendant Bank filed its motion to dismiss counts I and II, stating as grounds therefor that section 8—1 of the Probate Act requires that a will contest suit be filed within six months and that such time limit is jurisdictional; that plaintiffs were notified of the probate proceedings and that no appeal was taken from the order admitting the will and codicil to probate. This action is characterized as a collateral attack on the order admitting the will and codicil to probate. It was further stated that plaintiffs have no standing to bring this action while the order admitting the will and codicil to probate stands; that the agreement between the parties shows, upon its face, that the Bank was not a party thereto and could not have participated in the negotiations but only acquiesced in the agreement of the parties. It was further stated that plaintiffs' allegation of a fiduciary duty to them is a conclusion of the pleader and that since the will and codicil have not been set aside, no fiduciary relation existed toward the plaintiffs who were not beneficiaries; that plaintiffs had re-tained counsel for purposes of the agreement and did not repose an especial trust and confidence in the Bank. It was further stated that defendant, by reason of section 8—1(e) of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1(e)) was obligated and under a duty to support the will and codicil, and that the Bank had no obligation to become an advocate of the plaintiffs who occupied an adversary posture to the will and codicil.

The written order of the trial court dismissed the complaint with prejudice as to counts I and II directed against the Bank but stated no finding of fact, conclusions of law, or any other reason in dismissing the complaint.

Analysis of the complaint discloses that relief for plaintiffs against the Bank first requires a determination that testator's will was invalid as the product of fraud or undue influence on the part of Doss. If the will is valid, it cannot reasonably be said that plaintiffs have suffered as in tort.

■■■ The order of probate established the validity of the will against collateral attack, and if no direct proceeding to contest the will is brought

within the statutory period, the validity of the will is established for all purposes. (*Sternberg v. St. Louis Union Trust Co.* (1946), 394 Ill. 452, 68 N.E.2d 892.) A will admitted to probate is valid until the will is set aside. *In re Estate of MacLeish* (1976), 35 Ill. App. 3d 835, 342 N.E.2d 740.

In *Luther v. Luther* (1887), 122 Ill. 558, there was a complaint to set aside a will filed some 10 years after probate. It was alleged that testator *was incompetent, that there was fraud and misrepresentation in the* making of the will, and that the cause of action was fraudulently concealed from plaintiffs. Discussing the history of will contest proceedings, the opinion found that there was no power to contest a will at common law or in equity, and that a court had jurisdiction only by provisions of the statute. The supreme court affirmed the dismissal of the action for want of jurisdiction, saying:

> "The original probate of the will upon the testimony of the subscribing witnesses is allowed without delay, in order to secure an orderly settlement of the estate and to prevent the embarrassments and injurious consequences to creditors and others, which might result from the delay incident to a contest over the will. But serious consequences may also result from too long a delay to the property rights and titles of parties interested in and holding under the will, and, therefore, a period should be fixed after which the original probate should be regarded as binding and conclusive." 122 Ill. 558, 566.

This rule was reiterated in *Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 415-16, 243 N.E.2d 236, 238, and the opinion continued to state:

> "This court held that the time limitation of the statute was not a statute of limitations but was a jurisdictional limitation and that the running of the time limitation was not tolled by *fraudulent concealment* of the cause of action or by any other fact not expressly provided for by the statute itself." (Emphasis added.)

In *Pedersen v. Dempsey* (1950), 341 Ill. App. 141, 93 N.E.2d 85, petitioners sought to set aside an order admitting a will to probate some three years earlier alleging newly discovered evidence affecting the validity of the will. The opinion discussed the statutory provisions which successively reduced the time for filing a will contest, and concluded:

> "The reason for these reductions in the time within which the validity of a will may be questioned is the pressing importance of securing an orderly settlement of estates, to prevent embarrassment to creditors and others, and to avoid as much confusion as possible in the vast amount of property rights and titles that pass through probate. So important has this been deemed by courts and legislatures that neither fraud and concealment, nor the admitted

incompetency of an attesting witness nor even the insanity of an heir can upset an order of probate after the time allowed. [Citations.]" 341 Ill. App. 141, 143, 93 N.E.2d 85, 86.

In *In re Estate of Moerschel* (1980), 86 Ill. App. 3d 482, 407 N.E.2d 1131, a widow sought declaratory judgment that the will of her deceased husband was void. The trial court concluded that the declaratory judgment action was in the nature of a will contest and was barred for failure to file within six months. The opinion quoted the cited language of *Pedersen*, and continued:

"In considering section 90 of the Probate Act (Ill. Rev. Stat. 1965, ch. 3, par. 90), a predecessor to section 8—1 which is before us in the present case, our supreme court held that the period of limitations for filing a will contest was jurisdictional and not tolled by fraudulent concealment or any other fact not provided for by statute. (*Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 243 N.E.2d 236.) * * *." 86 Ill. App. 3d 482, 484, 407 N.E.2d 1131, 1133.

The *Moerschel* opinion presents a further consideration relevant to counts I and II. The court states:

"Petitioner acknowledges that the validity of a will which has been duly admitted to probate cannot be collaterally attacked but she contends, nevertheless, that since this is a declaratory judgment action, it is not a will contest and is not subject to the six-month limitation period otherwise provided. In *Dibble v. Winter* (1910), 247 Ill. 243, 251, 93 N.E. 145, 148, a case in which a will was sought to be declared null and void and set aside as a cloud on the title of real estate, the court declined to do so, stating, '[w]hen the only relief that can be had is to set aside a will and render it null and void, the same as would a contest under section 7 [now section 8—1] of the act on wills, it is, in effect, a contest of the will and must be governed by rules of law controlling such contests.' * * *." 86 Ill. App. 3d 482, 484, 407 N.E.2d 1131, 1133.

The opinion continues, saying:

"In our view where the only relief which can be provided in an action is a determination that a will is void, it must be construed as a will contest (*cf. Neurauter v. Reiner* (1969), 117 Ill. App. 2d 141, 254 N.E.2d 66) and therefore must be brought within the six-month statutory period or be barred. Such a result necessarily follows from the jurisdictional nature of the time limitation on will contests and is consistent with the strong and long standing policy of this State favoring the orderly administration of estates." 86 Ill. App. 3d 482, 485, 407 N.E.2d 1131, 1134.

■■ Upon the facts and allegations pleaded we conclude that the trial

court did not have jurisdiction as to count I and count II and the trial court correctly dismissed such counts for such reasons.

Count III of the complaint alleges that defendant Doss was the attorney for testator and as such owed to her a duty as an attorney fiduciary and that he induced testator to execute a will in 1974 making him beneficiary of a substantial amount of the estate and to execute a codicil in 1976 increasing the gift to Doss, as well as cancelling a large debt. It is further alleged that plaintiffs were heirs of testator and the natural objects of her bounty, but that by trick, artifice and abuse of his fiduciary position Doss prevented plaintiffs from receiving their inheritance through his intentional and tortious interference.

Doss filed a motion to dismiss count III, alleging that the will and codicil had been probated so that the court had no jurisdiction since no will contest had been filed within the statutory period. It was further alleged that the order of the trial court which had dismissed plaintiffs' petition for citation to discover information had determined that the circuit court did not have jurisdiction and that the plaintiffs did not have an interest supporting the proceedings, and that there had been no appeal from such an order made appealable under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)). Upon hearing, the trial court dismissed count III by written order, but made no findings of fact or statement of conclusions of law.

Plaintiffs cite section 774 of the Restatement (Second) of Torts in their argument that we recognize a cause of action in count III of their complaint. Section 774B provides:

"Intentional Interference with Inheritance or Gift. One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." (Restatement (Second) of Torts §774B (1979).)

Comment b of that section defines "inheritance" to include "any devise or bequest that would otherwise have been made under a testamentary instrument or any property that would have passed to the plaintiff by intestate succession." Restatement (Second) of Torts §774B, comment b (1979).

Two Illinois courts have addressed the issue of whether a cause of action for wrongful interference with inheritance exists in Illinois: *Lowe Foundation v. Northern Trust Co.* (1951), 342 Ill. App. 379, 96 N.E.2d 831; *Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, 425 N.E.2d 1187.

In *Lowe*, plaintiff Lowe Foundation brought a suit for damages alleging that decedent was a resident at a home for Christian Scientists

and desired to leave the home $500,000, but was prevented from doing so as a result of representations by an attorney who was a defendant. It was alleged that while in the home decedent had called upon the attorney to draft a codicil to his previous will to leave $500,000 to the plaintiff foundation. The codicil was drafted by the attorney, but it was then discovered that the amount of the bequest had been omitted. When this was brought to the decedent's attention, he told his attorney to insert the sum of one-half million dollars in the codicil, but the attorney responded that this would exhaust the estate. The attorney advised decedent that he should not place an amount in the instrument until he talked with one Froderman, the testamentary trustee under his will. The following day Froderman and a friend of decedent, Troutman, removed decedent from the home and kept him isolated from plaintiff until his death. In discussing whether a cause of action in tort was stated, the court, noting that the authorities were in conflict, held that since plaintiff did not show that the attorney's representations were fraudulent when made, the complaint did not state a cause of action. 342 Ill. App. 379, 388, 96 N.E.2d 831, 835.

In *Nemeth*, plaintiff was the daughter of Rose Steinberg who married decedent following the death of plaintiff's father. Decedent and Rose had executed a joint and mutual will, leaving the estate to the survivor with the remainder to plaintiff and decedent's daughter, defendant Kornelia Banhalmi, in equal shares. Following the death of plaintiff's mother Rose, decedent moved in with defendant and her husband and revoked his joint and mutual will and left all of his property to defendant. After decedent's death, defendant claimed that she could not find decedent's will and so inherited all of his property by intestacy. Plaintiff brought suit against defendant for damages in tort, but the trial court dismissed the complaint. On appeal, the reviewing court determined that plaintiff's complaint stated a cause of action for intentional interference with inheritance and reversed the trial court's order. That court, citing Prosser, Torts §130, at 950 (4th ed. 1971), *Doremus v. Hennessy* (1898), 176 Ill. 608, 52 N.E. 924 (wrongful interference with customer relationships or prospective economic benefits states cause of action), and *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1973), 16 Ill. App. 3d 709, 306 N.E.2d 549, *modified on other grounds* (1975), 61 Ill. 2d 129, 334 N.E.2d 160 (false credit rating of plaintiff, preventing him from entering into contracts with potential suppliers states cause of action in tort) and cases from other jurisdictions which recognize a cause of action in tort for interference with inheritance, reversed the trial court's dismissal. The court stated that in order for plaintiff to recover on this theory, plaintiff must show (1) the existence of an expectancy; (2) defendant intentionally interfered with this expectancy;

(3) the interference involved conduct tortious in itself such as fraud, duress or undue influence; (4) there is a reasonable certainty that the plaintiff would have received the devise but for defendant's interference; and (5) damages. The court reasoned that since Illinois recognized a cause of action for interference with commercial expectancies, there was no reason not to extend such protection to other noncommercial expectancies when these expectancies had been tortiously interfered with.

■■ We agree with the reasoning of the *Nemeth* case and conclude that subject to the elements of proof laid down in *Nemeth*, plaintiffs have alleged sufficient matters to state a cause of action against defendant Doss in tort. While the plaintiffs' expectancy was the mere interest arising by virtue of the statutory distribution scheme of section 2—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 1110½, par. 2—1), we think this interest should, nevertheless, receive protection. We note, however, that plaintiffs must still prove that there was a reasonable certainty that they would have received their interest but for defendant Doss' intentional interference.

We note in comparison that counts I and II contain no allegation of fact sufficient to allege that the defendant Bank intentionally interfered with the inheritance of plaintiffs so as to come within the rule creating the tort.

The order of the trial court dismissing counts I and II is affirmed; the order of the trial court dismissing count III is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Affirmed in part, reversed in part, remanded for further proceedings not inconsistent with the views herein expressed.

MILLS and LONDRIGAN, JJ., concur.