*In re* ESTATE OF WILLIAM JEZIORSKI, Deceased (Theodore Jeziorski *et al.*, Plaintiffs-Appellants, v. Fred Tomera, Jr., Indiv. and as Executor of the Estate of William Jeziorski, Deceased, *et al.*, Defendants-Appellees).

First District (1st Division)   Nos. 86—1385, 86—1707 cons.

Opinion filed October 19, 1987.—Rehearing denied November 20, 1987.

Barry A. Feinburg, P.C., of Chuhak, Kienlen & Feinberg, of Chicago, for appellants.

McBride, Baker & Coles, of Chicago (Malcom H. Brooks and Andrew R. Gelman, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiffs, four of the six children of William Jeziorski, deceased, filed a will contest in the probate division of the circuit court of Cook County which included two counts for tortious interference with an expected inheritance and abuse of a confidential re-

lationship. The defendants were the remaining two children of the deceased and the executor of the will. The probate court dismissed the tort action, ruling that actions in tort cannot be pled in conjunction with a will contest. Plaintiffs subsequently filed their tort action for interference with an expectancy and abuse of a confidential relationship in the law division. The law division judge dismissed their action on the basis that the probate court order was *res judicata*. Plaintiffs appeal from both dismissal orders.

Plaintiffs argue in this consolidated appeal that their action was improperly dismissed since tort actions for interference with an expectancy and abuse of a confidential relationship can be pled in conjunction with a will contest.

The record reveals the following chronology of facts. William Jeziorski died on June 5, 1984. On November 16, 1984, after a hearing at which the court heard the testimony of the witnesses to the will, the decedent's will, dated March 13, 1983, was admitted to probate. Under the terms of the will, the plaintiffs, the deceased's four sons, were each to receive a bequest of $1,000. The decedent's daughter, defendant Michelle Tomera, also was to receive a bequest for $1,000, with the residue of the estate to pass to the decedent's youngest daughter, defendant Joanne King. Defendant Fred Tomera, Jr., the decedent's grandson and the son of Michelle Tomera, was the named executor under the will. Fred Tomera was not a beneficiary under the will.

On April 11, 1985, plaintiffs filed an action against defendants in the probate division to contest the validity of the decedent's will and for tortious interference with an expectancy. Plaintiffs' complaint sought to contest the validity of the will on the alleged basis that the signature of the decedent was a forgery and that the decedent was of unsound mind and memory at the time he executed the will. Plaintiffs' action in tort further alleged that defendants had maliciously interfered with plaintiffs' expected inheritance and that defendants had abused a confidential relationship with the decedent. Defendants moved to strike that portion of the complaint seeking relief in tort, arguing that where a will has been admitted to probate, the plaintiffs are limited to bringing their claims under the provisions of the Probate Act applicable to will contests. (Ill. Rev. Stat. 1985, ch. 110½, par. 8—1.) On December 5, 1985, the trial court granted defendants' motion to strike, holding that heirs or legatees may not maintain an action for malicious interference with an expectancy where a will has been admitted to probate. Since the plaintiffs would have an adequate remedy should they prevail in the will

contest, the trial court held they were precluded from bringing a cause of action in tort, stating that "a complaint for malicious interference properly belongs in the law division."

Thereafter, on January 22, 1986, plaintiffs filed their tort action for malicious interference with an expectancy in the law division of the circuit court of Cook County. At the same time, plaintiffs filed a petition in the probate division to vacate the earlier order striking the malicious interference count from their complaint and seeking to transfer the action to the law division. The probate court denied the motion. Defendants filed a motion to strike the law division complaint, and the court granted this motion based on the *res judicata* effect of the dismissal order in the probate division. Plaintiffs appeal from the dismissal of their tort action both in the probate court and in the law division.

■ On appeal, defendants contend that plaintiffs' tort action directly attacks the decedent's will in a form not authorized by the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 1—1 *et seq.*) and that plaintiffs are requesting this court to ignore the statutory framework. The effect of the admission of a will to probate is to establish the validity of that will against collateral attack. (*Sternberg v. St. Louis Union Trust Co.* (1946), 394 Ill. 452, 68 N.E.2d 892; *Robinson v. First State Bank* (1982), 104 Ill. App. 3d 758, 433 N.E.2d 285.) Defendants argue that a will contest brought within six months is the exclusive means of directly attacking an otherwise incontestable will. *In re Estate of Moerschel* (1980), 86 Ill. App. 3d 482, 407 N.E.2d 1131; *In re Estate of Ariola* (1979), 69 Ill. App. 3d 158, 386 N.E.2d 862.

The tort action for intentional interference with an expected inheritance has only recently been recognized in Illinois. In *Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, 425 N.E.2d 1187 (*Nemeth* I), the court held that if all the elements were present, namely, the existence of their expectancy, that the defendants intentionally interfered with their expectancy, the interference involved conduct tortious in itself such as fraud, duress or undue influence, that there is a reasonable certainty that the devise to plaintiffs would have been received but for defendants' interference, and damages, the plaintiffs have established a tort cause of action. Two years after *Nemeth* I, our supreme court added the clarification that if a will exists, the tort will not lie where a party fails to contest the will under the provisions of the Probate Act. *Robinson v. First State Bank* (1983), 97 Ill. 2d 174, 454 N.E.2d 288.

In a second opinion in *Nemeth v. Banhalmi* (1984), 125 Ill. App.

3d 938, 466 N.E.2d 977 (*Nemeth* II), this court held that a subsequent action for interference with an expectancy would be an impermissible collateral attack on an order admitting a will to probate when it is brought after the six-month statute of limitation period for initiating a will contest. The *Nemeth* II court, citing *Robinson*, stated that the later claim was improper since it could have been asserted as part of the proceedings to admit the allegedly invalid will to probate or in a will contest.

■ In the case at bar, the decedent lived with the defendants and was dependent upon them for his personal needs, including food and shelter and the handling of his financial matters. In their complaint, plaintiffs alleged that their expectancy was based on the fact that they are the decedent's children and the natural objects of his bounty. In addition, under the laws of intestacy, they would have received an equal share of the decedent's estate. Plaintiffs alleged that they were named as equal beneficiaries in an earlier will executed by the decedent. The executor of the estate had filed an inventory of assets in the estate of very little value and plaintiffs alleged that defendants had fraudulently procured *inter vivos* transfers from the decedent and unduly influenced the decedent to execute a new will. Had the defendants not committed these alleged fraudulent acts, plaintiffs charged that they would have received their rightful inheritance. From our review of the complaint, we believe the plaintiffs have adequately pled a cause of action for intentional interference with an expectancy and that their action should be reinstated and they should be allowed to proceed in the trial court. See *In re Estate of Knowlson* (1987), 154 Ill. App. 3d 249.

Defendants cite *Nemeth* II and *Robinson* for the proposition that where a will contest remedy is available to a plaintiff, that remedy is exclusive and an action for malicious or intentional interference is not permitted. Our reading of these decisions does not support defendants' argument. In *Nemeth* II, the court addressed the question of whether a subsequent action for intentional interference with an expectancy constituted an impermissible collateral attack on the order admitting the will to probate when it is brought after the six-month statute of limitations for initiating a will contest. The court stated that "under those circumstances, courts have held that the subsequent action for malicious interference with an expectancy constituted an impermissible collateral attack on the order admitting the will to probate, since the claim could have been asserted as part of the proceedings to admit the allegedly invalid will to probate [citation] or in a will contest [citation]." (*Nemeth v. Banhalmi* (1984),

125 Ill. App. 3d 938, 956, 466 N.E.2d 977, 990.) In *Robinson*, the court refused to recognize the action for intentional interference with an expectancy where the plaintiffs had decided not to contest a will which had been admitted to probate but then attempted to sue in tort after the statutorily prescribed period for the will contest had expired.

■ In our judgment, plaintiffs here are in compliance with the decisions in *Nemeth* II and *Robinson* and the well-established rule that the validity of a will cannot be collaterally attacked after the six-month statutory time period for a will contest has run. (Ill. Rev. Stat. 1985, ch. 110½, par. 8—1(a); *Masin v. Bassford* (1943), 381 Ill. 569, 46 N.E.2d 366; *In re Estate of Moerschel* (1980), 86 Ill. App. 3d 482, 407 N.E.2d 1131; *In re Estate of Watts* (1979), 67 Ill. App. 3d 463, 384 N.E.2d 589.) The *Nemeth* II court did not address the effect of the probate proceedings on the availability of the tort action where a will has been admitted to probate and the tort action is brought within the six-month statutory time period for filing a will contest. The holding in *Robinson* was limited to not recognizing the tort action where plaintiffs have an opportunity to contest a probated will but choose not to do so.

In the case at bar, plaintiffs brought their action within the six-month statutory time limit for filing a will contest and asserted their tort action as part of the proceedings. We recognize Illinois' long-standing policy favoring the orderly administration of estates. (*In re Estate of Moerschel* (1980), 86 Ill. App. 3d 482, 407 N.E.2d 1131.) We further recognize the purpose of legislatures in passing probate acts is to ensure that all claims relating to the administration of estates are handled in the probate proceedings, thereby providing a single forum for settling the rights of the parties. (See G. Bogert, The Law of Trusts and Trustees sec. 477 (rev. 2d ed. 1978).) In our opinion, it is consistent with these goals to allow plaintiffs to adjudicate their several claims and the relief they are seeking in one proceeding.

Defendants further contend that under the Illinois Probate Act, a will contest is the exclusive and proper remedy for plaintiffs since the Act provides for will contests but not for tort causes of action. (Ill. Rev. Stat. 1985, ch. 110½, par. 8—1.) The probating of an estate is a civil proceeding and the Illinois Probate Act sets forth the statutory guidelines for the administration of estates. (Ill. Rev. Stat. 1985, ch. 110½ par. 1—1 *et seq.*) The Act specifically states that the Illinois Code of Civil Procedure applies to all proceedings under the Act. (Ill. Rev. Stat. 1985, ch. 110½, par. 1—6.) Section 2—613(a) of

the Illinois Code of Civil Procedure states that "[p]arties may plead as many causes of action, counterclaims, defenses, and matters in reply as they may have, and each shall be separately designated and numbered." (Ill. Rev. Stat. 1983, ch. 110, par. 2—613(a).) Further, parties may plead and state their claims regardless of consistency, in the alternative, in the same or different counts. Ill. Rev. Stat. 1985, ch. 110, par. 2—613(b).

■ In the action before us, the plaintiffs have complied with both the Probate Act and the Code of Civil Procedure by pleading in the alternative their tort causes of action against defendants for intentional interference with an expectancy and abuse of a confidential relationship. Yet the plaintiffs have been left without a forum in which to pursue their cause of action. It is our opinion, consistent with the procedural rules, that litigation of this nature should not be pled in separate complaints and plaintiffs should be allowed to proceed in the probate division on all counts in their complaint. Accordingly, we hold that the probate court improperly dismissed plaintiffs' tort actions.

Defendants cite as additional authority *In re Estate of Hoover* (1987), 160 Ill. App. 3d 964, and argue that it is controlling. The *Hoover* court disallowed the joinder of the tort action with a will contest proceeding where it found the will contest was sufficient to protect the plaintiffs' expectancies and provide the injured parties with adequate relief. Unlike *Hoover*, the plaintiffs here allege that the defendants fraudulently induced the decedent to make certain *inter vivos* transfers of assets and that substantially all of the probate assets are outside of the estate. Therefore, even if plaintiffs should prevail in a will contest proceeding, it would not provide them with the relief they are seeking.

Defendants further cite *Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 485 N.E.2d 312, to support their position that the Probate Act preempts any tort rights that the plaintiffs here might otherwise have. In *Mein*, the Illinois Supreme Court held that the Illinois Human Rights Act provides the exclusive redress of human rights violations in this State, thus precluding the plaintiff therein from maintaining a tort action for retaliatory discharge. The court stated that the Illinois Human Rights Act (Ill. Rev. Stat. 1983, ch. 68, par. 101 *et seq.*) expressly states that the Department of Human Rights, as an administrative agency with a comprehensive scheme of remedies and procedures, has original and exclusive jurisdiction of alleged human rights violations. Thus the courts have no jurisdiction to hear independent actions for civil rights violations.

■■ We find *Mein* inapplicable to the case at bar. Unlike the Illinois Human Rights Act, the Illinois Probate Act does not establish an administrative agency to investigate and adjudicate probate controversies, nor does it expressly preempt any tort remedies plaintiffs may have. The probate court has original jurisdiction of will contest proceedings. In addition, the probate court is a court of general jurisdiction and, as such, can hear other issues, including tort claims. (See *In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 412 N.E.2d 698; H. Fins, Illinois Appellate Practice Under the New Constitution 110-19 (2d ed. 1977).) A will contest alone would fail to provide the plaintiffs with the relief they are seeking since it would only set aside the decedent's will. The will contest would not provide a remedy for the alleged fraudulent *inter vivos* transfers procured from the decedent which the tort action seeks. By allowing plaintiffs an opportunity during the probate proceedings to be heard and to present evidence regarding the tort actions, a further collateral attack on the probate decree in a later tort action in the law division would not be required. The trial court can hear all the evidence in one proceeding. We do not believe it is necessary for plaintiffs to exhaust their probate remedies before bringing an action in tort.

Accordingly, for the reasons stated, the judgment of the probate court dismissing the tort claims of plaintiffs is reversed. The judgment of the law division dismissing plaintiffs' action is vacated. This cause is remanded and plaintiffs shall proceed in the probate court on all counts in their complaint.

Judgment reversed in part; vacated in part; and remanded for further proceedings.

BUCKLEY and O'CONNOR, JJ., concur.