CATHERINE M. HANDLEY *vs.* JAMES CONLAN *et al.* Exrs.,
Appellees.—(MARY E. HANDLEY *et al.* Appellants.)

*Opinion filed February 18, 1931.*

JAMES N. LORENZ, and JOSEPH KOHN, for appellants.

HUMMER & HUMMER, FRANK A. O'DONNELL, and
PHILIP J. MAGUIRE, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

Catherine M. Handley filed a bill in the circuit court
of Cook county to contest the validity of the last will and
codicil of Annie M. Mullen, deceased. The executors, lega-
tees and devisees were made defendants to the bill. Dur-

ing the pendency of the suit, the complainant died testate, her death was suggested upon the record, and her children, who were the executors of her will and her legatees and devisees, were substituted as complainants. They filed a supplemental bill and both the original and supplemental bills were amended. Pleas were interposed to these bills as amended by the residuary legatees and devisees. Answers were filed by other defendants. Upon a hearing, the pleas were held to be sufficient, the complainants elected not to reply thereto, and the bills were dismissed for the want of jurisdiction. From the order of dismissal, the substituted complainants prosecute this appeal.

On January 28, 1924, two instruments, one purporting to be the last will and testament of Annie M. Mullen, late of the city of Chicago, deceased, and the other a codicil thereto, were proved and admitted to record by the probate court of Cook county, and letters testamentary were issued thereon to James Conlan and Michael J. Fitzsimmons. Nearly a year later, on January 21, 1925, Catherine M. Handley, the sister and only heir-at-law of the testatrix, filed a petition in the probate court, in which she alleged that the order entered January 28, 1924, was void because it had been entered by a clerk and not the judge of the probate court and that no written notice of the hearing had been given to her as required by the statute. The prayer of the petition was that the order admitting the will and codicil to record be vacated; that the hearing for the proof of the purported will and codicil be fixed by the court on an early day and that, upon such a hearing, the instruments be denied admission to record. The petition was heard on June 24, 1925. The probate court found that, notwithstanding the allegations of the petition, Catherine M. Handley had received the statutory notice of the hearing on January 28, 1924, at which the will and codicil were admitted to record. The court was of the opinion, however, that since she was the sole heir-at-law of the decedent, she should

have further opportunity to appear and defend against the admission of the will, and accordingly, by an order entered June 24, 1925, the order of January 28, 1924, was opened and vacated to that extent and for that purpose only. The order further provided that "the admission to probate of said will and codicil is hereby and without prejudice to the rights of Catherine M. Handley, except as hereinafter adjudged, allowed to stand as to the other parties named as executors and beneficiaries under the will of said decedent, and who are not objecting, but in fact consenting, that the order admitting to probate heretofore entered stand as to said legatees and beneficiaries mentioned in said will and codicil." On the same day, June 24, 1925, a hearing followed upon which the witnesses to the will and codicil and witnesses called by the petitioner testified, and it was further ordered that the will and codicil, as to the petitioner, be admitted to record and that the order of January 28, 1924, stand as to the executors, the heir-at-law and all the legatees and devisees under the will and codicil. From this order, Catherine M. Handley prosecuted an appeal to the circuit court of Cook county. After a trial *de novo* in that court, the will and codicil were again ordered admitted to record. A further appeal was allowed to this court and a bond for that purpose was filed, but the appellant failed to prosecute the appeal and it was accordingly dismissed by this court on June 14, 1927.

Five days after Catherine M. Handley filed her petition in the probate court, and within one year after the probate of the will and codicil, namely, on January 26, 1925, she filed her bill in the circuit court to contest their validity. The supplemental bill and amendments to both bills by the substituted complainants followed. The pleas of the residuary legatees and devisees set forth at length the petition to vacate the probate of the will and codicil, the proceedings and order upon that petition and the subsequent successive appeals.

The appellants 'assign errors upon the entry of the circuit court's order which found the pleas sufficient and dismissed the bills for want of jurisdiction. The errors so assigned present the question whether the circuit court retained jurisdiction of the proceeding to contest the validity of the will and codicil after the probate court entered its order of June 24, 1925.

Section 7 of the act in regard to wills (Cahill's Stat. 1929, pp. 2578, 2579; Smith's Stat. 1929, p. 2909), among other things, provides that if any person interested shall, within one year after the probate of a will, testament or codicil in the county court, appear and by his or her bill in chancery contest its validity, an issue at law shall be made up whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the circuit court of the county wherein such will, testament or codicil shall have been proved and recorded, according to the practice in courts of chancery in similar cases. The right to contest the validity of a will is not cognizable by a court of chancery in the exercise of its ordinary equitable jurisdiction, but is purely statutory and must be exercised by the person or persons, in the manner, and within the time prescribed by the statute. (*Havill* v. *Havill,* 332 Ill. 11; *McCreery* v. *Bartholf,* 305 id. 325; *Lewark* v. *Dodd,* 288 id. 80; *Simpson* v. *Simpson,* 273 id. 90). An order of the county or probate court, as the case may be, admitting a will to record is a prerequisite to the institution of a suit to contest its validity. *Dowling* v. *Gilliland,* 275 Ill. 76.

The order of the probate court admitting the will and codicil to record was entered on January 28, 1924, and the bill to contest the validity of the will was filed in the circuit court within one year thereafter. On June 24, 1925, the probate court opened its order of January 28, 1924, only to the extent of permitting Catherine M. Handley to interpose her defense to the original petition for the proof of the will and codicil. The order of admission entered

upon that petition on January 28, 1924, was never wholly vacated but was expressly allowed to stand as to all the other parties interested in the proceeding. On the day permission to defend was granted Catherine M. Handley, all the witnesses were heard, and on the same day and by the same order, the original order of January 28, 1924, admitting the will and codicil to record was re-affirmed, not only as to the executors, legatees and devisees, but also as to the heir-at-law who was Catherine M. Handley. The will and codicil were therefore proved and admitted as of January 28, 1924, and not June 24, 1925.

At the time the bill to contest the validity of the will and codicil was filed an order of the probate court admitting them to record was in effect. The bill was filed within the time prescribed by the statute, and the circuit court had jurisdiction of the subject matter of the cause. The subsequent opening, for a limited purpose, of the probate court's order of January 28, 1924, and the confirmation of that order on the same day as of the time it was originally entered did not deprive the circuit court of its jurisdiction, nor the appellants of the right to prosecute the suit. Likewise the pendency of the petition in the probate court was not fatal to the suit in the circuit court. A petition to the county or probate court to set aside an order for the probate of a will and a bill in the circuit court to contest the validity of the same will may be prosecuted concurrently. *Wright* v. *Simpson,* 200 Ill. 56; *O'Brien* v. *Bonfield,* 220 id. 219.

The circuit court erred in sustaining the pleas and dismissing the bills for want of jurisdiction. Its order is therefore reversed and the cause is remanded.

*Reversed and remanded.*