(No. 59041█

*In re* ESTATE OF NELLIE PEARL SPAITS, Deceased (Flosie Kinsel *et al.*, Appellants, v. Hazel Darlene Le-Fever *et al.*, Appellees).

*Opinion filed November 30, 1984.*

Hugh H. Rowden, Jr., of Baird, Latendresse, Mc-Carthy & Rowden, of Decatur, for appellants.

Lawrence Eaton, of Eaton, Eaton & Tomaw, of Newton, for appellee Hazel Darlene LeFever.

Daniel E. Hartigan, of Leffler & Hartigan, of Newton, for appellee First National Bank of Newton.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Flossie Kinsel, Earl Dean Kirk, William Edward Kirk, Donald Earl Kirk, Barbara Eloise Woods, Deborah Lynn Griffith, Janet Sue Tutor, and Bettyjo M. Kirk, appealed from the order of the circuit court of Jasper County dismissing their petition to contest the validity of the will of Nellie Pearl Spaits. The appellate court affirmed (117 Ill. App. 3d 142), and we allowed plaintiffs' petition for leave to appeal (94 Ill. 2d R. 315(a)). The facts are adequately set forth in the opinion of the appellate court and will be restated here only to the extent necessary to discuss the issues.

On September 29, 1981, the circuit court entered an order admitting the will to probate and appointed defendant, the First National Bank of Newton, executor. On March 26, 1982, plaintiffs filed their petition to contest the will (Ill. Rev. Stat. 1981, ch. 110½, par. 8—1). Neither the petition to contest the will nor the certificate of notice of service contained any reference to the executor. The executor filed a limited and special appearance objecting to the jurisdiction of the court and a motion to dismiss the petition on the ground that, as required by

section 8—1(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 8—1(a)), the executor had not been made a party to the proceeding. On June 1, 1982, plaintiffs filed a motion for leave to file an amended petition joining the executor as a party defendant. Following a hearing the circuit court denied plaintiffs' motion for leave to file an amended petition and allowed the executor's motion to dismiss the petition to contest the will.

In affirming the order the appellate court held that the statute required that the executor be made a party to the proceeding; that the fact that the executor had knowledge of the filing of the petition did not obviate the statutory requirement; and that, therefore, the circuit court properly denied plaintiffs' motion for leave to file an amended petition and join the executor as a party defendant. The rationale of the appellate court's decision was that the time limitation provided in the statute is jurisdictional (117 Ill. App. 3d 142, 146) and that compliance with the statute required joinder of all necessary parties.

Plaintiffs contend that in filing the petition within six months after the admission to probate of the will they complied with the statute and that the executor could be joined after the expiration of the six-month period.

In *In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, the appellate court reached a contrary result. In its opinion it reviewed the cases decided prior to the effective date of the judicial article of 1964 and concluded that the holding of those cases, that an action to contest a will was purely statutory and that jurisdiction was conferred by the statute, was no longer viable. (See *Luther v. Luther* (1887), 122 Ill. 558; *Stephens v. Collison* (1911), 249 Ill. 225.) It reasoned that after 1964 an action to contest a will was a justiciable matter and that jurisdiction was conferred by article VI, section 9, of the Constitution of 1970. It held that "the only condition

precedent to the exercise of jurisdiction is that it [the petition] be filed within the time limited by statute after the admission of the will to probate." 110 Ill. App. 3d 1133, 1138.

In *Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, it was contended that prior to the judicial article of 1964 the probate court had original jurisdiction of all probate matters, and because under the judicial article the probate court had been abolished as a separate entity, the circuit court had jurisdiction and the time limitation was now a statute of limitations. The court rejected the contention and held that the rule of *Luther v. Luther* survived the constitutional change.

Upon consideration of these authorities and *People v. Gilmore* (1976), 63 Ill. 2d 23, and *People v. Valdez* (1980), 79 Ill. 2d 74, we hold that the contest of a will is a justiciable matter within the contemplation of article VI, section 9, of the Constitution of 1970. We hold further that the jurisdiction of the circuit court stems not from the statutory provision, but is conferred by article VI, section 9, of the Constitution of 1970. The exercise of that jurisdiction, however, requires that the petition to contest the will be filed within six months after its admission to probate.

Whether the source of the court's jurisdiction be constitutional or statutory, the issue presented in this appeal is whether failure to join the executor requires dismissal of the petition. In *Stephens v. Collison* (1911), 249 Ill. 225, the court said:

"While the statute authorizing the contest of a will in chancery is not properly a limitation law but is a statute conferring jurisdiction, it goes further than merely conferring jurisdiction and prescribes the time within which the jurisdiction conferred must be invoked. If the jurisdiction conferred is invoked by filing the bill within the time limited the bill must be entertained, and the failure to

make a necessary party a defendant to the bill within a year when other necessary parties are made defendants is not a failure to invoke the jurisdiction within a year." 249 Ill. 225, 236.

In *Nupnau v. Hink* (1965), 33 Ill. 2d 285, the complaint to contest the will was filed within the statutory period following probate but failed to include all of the heirs as parties defendant. In holding that these parties could be joined subsequent to the expiration of the statutory period, the court said:

"The object of this kind of proceeding is not to secure a personal judgment against individual defendants but simply to set aside a will, and while it is necessary to make parties all persons having an interest therein this is not a condition precedent to the attaching of jurisdiction. By the express and unqualified words of the statute itself jurisdiction is invoked when a 'complaint' is 'filed' within the statutory period. The requirement of section 91, relating to parties, is separate and distinct and does not purport to add to the steps which section 90 says must be taken within nine months." 33 Ill. 2d 285, 288.

The appellate court pointed out that the provisions of sections 90 and 91 are now combined in section 8—1 of the Probate Act of 1975 and that the requirement of section 91 relating to parties is no longer "separate and distinct." (117 Ill. App. 3d 142, 147.) The appellate court pointed out, too, that the statute which formerly provided that the personal representative and all heirs and legatees "shall" be made parties now provides that they "must" be made parties. The appellate court concluded that the amendment created a presumption that it was intended to change the former law.

In *In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, the appellate court, in holding inapplicable section 46(2) of the Civil Practice Act (now section 2—616 of the Code of Civil Procedure) (Ill. Rev. Stat. 1981, ch. 110, par. 2—616), citing *Nupnau*, said:

"A will contest is not an action against any person to se-cure a personal judgment but is a *quasi in rem* proceed-ing simply to set aside the will." 110 Ill. App. 3d 1133, 1139.

We agree with the statement in *Nupnau* and the con-clusion of the appellate court in *Mears*. Section 8—1(a) requires that the petition to contest the validity of the will must be filed "in the proceeding for the administra-tion of the testator's estate or, if no letters were issued, in the court in which the will was admitted to probate ***." (Ill. Rev. Stat. 1981, ch. 110½, par. 8—1(a).) Sec-tion 8—1(e) imposes upon the representative the duty to defend a proceeding to contest the validity of the will and provides that the court may order him to defend the proceeding or prosecute an appeal from the judgment. It further provides that if the representative fails or refuses to do so when ordered by the court, the court "upon its motion or on application of any interested per-son, may appoint a special administrator to defend or ap-peal in his stead." (Ill. Rev. Stat. 1981, ch. 110½, par. 8—1(e).) The requirement that the petition be filed in the court designated, the provision that the representative defend the proceeding, and the power conferred upon the court to order the defense and appeal and to appoint a special administrator demonstrate a clear legislative in-tent that the action is directed toward setting aside the will and not the recovery of a judgment against any party.

The purpose of the six-month filing provision is to as-sure the expeditious disposition of decedents' estates. In view of the power vested in the court to order the de-fense of the contest and an appeal from an adverse judg-ment, that purpose is achieved by the filing of the peti-tion and is scarcely impeded by the subsequent joinder of the executor.

The General Assembly is presumed to have been

aware of this court's holding in *Nupnau,* and we do not consider that combining the provisions of sections 90 and 91 into section 8—1 or the subsequent substitution of the word "must" for "shall" is sufficient indication of legislative intent to effect a change in the law. Had the General Assembly intended that the circuit court's exercise of jurisdiction require that all necessary parties be joined prior to the expiration of the six-month period, it would have been a simple matter to so state.

For the reasons stated, the judgments of the appellate and circuit courts are reversed and this cause is remanded to the circuit court of Jasper County for further proceedings.

*Judgments reversed;*
*cause remanded.*