(text box: 1)
 NO. 5-02-0287

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

TROY RUSSELL, DOUG CAMPBELL, )  Appeal from the 

MICHAEL GOETZ, EDWARD NUTANT, )  Circuit Court of 

BRAD SCHAIVE, RANDY MAYHEW, )  Montgomery County.

LARRY RENOUD, and SHAWN )

ALTEMEIER, )

)

Plaintiffs-Appellants, )

v. )  No. 01-L-27

)

KINNEY CONTRACTORS, INC., )  Honorable

)  Mark M. Joy, 

Defendant-Appellee. )  Judge, presiding.

___________________________________________________________________________

JUSTICE CHAPMAN delivered the opinion of the court:

The plaintiffs, Troy Russell and other AFL-CIO union journeymen, appeal from the circuit court's dismissal of their complaint alleging that the defendant, Kinney Contractors, Inc., falsely imprisoned them while they visited the defendant's premises to submit applications for employment in response to the defendant's advertisement of employment opportunities.  The circuit court dismissed the plaintiffs' complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2002)), finding that the state common law action of false imprisonment was preempted by the National Labor Relations Act (NLRA) (29 U.S.C. §151 
et seq.
 (2000)), as announced by the United States Supreme Court in 
San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon
, 359 U.S. 236, 3 L. Ed. 2d 775, 79 S. Ct. 773 (1959).  The sole issue for review is whether the circuit court erred in dismissing the plaintiffs' complaint.  We reverse and remand.

I. BACKGROUND

The defendant is a construction company incorporated in the State of Illinois.  The defendant disseminated written materials advertising that it was accepting applications for employment from laborers and workers of various crafts.  On May 15, 2001, the plaintiffs entered onto the premises of the defendant and sought to apply for the employment advertised.  Before the plaintiffs had entered the defendant's business office, James R. Kinney, part owner of the defendant corporation, closed the gate of the fenced premises and summoned law enforcement.

On September 4, 2001, the plaintiffs filed a complaint alleging that the defendant's closing of the gate to its fenced premises blocked their exit and held them in custody without reasonable or probable cause until law enforcement arrived.  The plaintiffs claimed that they were lawfully on the defendant's premises at the time they were held, that their purpose was to submit applications for employment, and that the defendant had not informed them that they were unwelcome.  The plaintiffs alleged that the defendant's actions were intentional, causing them to suffer great indignity, humiliation, and disgrace.  The plaintiffs claimed that the intentional nature of the defendant's actions entitled them to punitive damages.

On February 14, 2002, the defendant filed a motion to dismiss the plaintiffs' complaint pursuant to section 2-619 of the Code.  The defendant's motion was accompanied by an affidavit from Mr. Kinney.  The defendant argued that the incident referenced in the plaintiffs' complaint was connected to their attempt to enforce rights under the NLRA (29 U.S.C. §158 (2000)) and that the subject matter, therefore, was a labor dispute preempted by the NLRA and subject to the exclusive jurisdiction of the National Labor Relations Board (NLRB).  

In support of its contention that the plaintiffs' claims were preempted, the defendant claimed that the International Union of Operating Engineers (IUOE) had filed an unfair labor practice charge with the NLRB three weeks after the filing of the plaintiffs' complaint.  The IUOE's unfair labor practice charge alleged that the defendant had interfered with, threatened, coerced, and discriminated against the plaintiffs by engaging in the very same conduct complained of in the plaintiffs' complaint, in violation of sections 8(a)(1) and (a)(3) of the NLRA (29 U.S.C. §§158(a)(1), (a)(3) (2000)).  The NLRB regional director found in favor of the defendant, and the IUOE appealed the decision to the NLRB general counsel.  The defendant claimed that several local unions of the IUOE and the Laborers International Union of North America (Laborers) later filed a representation proceeding with the NLRB seeking to become the collective bargaining representatives of its employees in October 2001 and that the NLRB had advised the parties that the petition would not be entertained until the IUOE's earlier allegations were resolved.  

The defendant relied upon the United States Supreme Court's decision in 
Garmon
, which held that state and federal courts must defer to the exclusive jurisdiction of the NLRB where the activity complained of is "arguably" subject to section 7 or 8 of the NLRA (29 U.S.C. §§157, 158 (2000)), with exceptions arising only where the activity at issue is of a peripheral concern to federal labor law or where the activity touches upon interests deeply rooted in local feeling and responsibility.  
Garmon
, 359 U.S. at 243-46, 3 L. Ed. 2d 775, 79 S. Ct. at 779-80.  Additionally, the defendant urged the circuit court to distinguish the allegations in the plaintiffs' complaint from the facts involved in 
Farmer v. United Brotherhood of Carpenters & Joiners of America, Local 25
, 430 U.S. 290, 51 L. Ed. 2d 338, 97 S. Ct. 1056 (1977), in which the United States Supreme Court held that a union member's action for the intentional infliction of emotional distress was not preempted under 
Garmon
 due in part to the intentional and outrageousness of the conduct alleged.  Claiming that the allegations in the plaintiffs' complaint were subject to section 8 of the NLRA and that they did not qualify as a recognized exception to the preemption doctrine, the defendant argued that the plaintiffs' complaint was preempted by the NLRA, requiring a dismissal. 

After hearing argument from the parties in support of their respective positions, the circuit court granted the defendant's motion to dismiss on April 1, 2002.  In granting the defendant's motion, the court found that, unless an exception exists, the preemption doctrine announced by the United States Supreme Court in 
Garmon
 controls.  The court believed that the conduct complained of by the plaintiffs was an integral part of the unfair labor practices charge filed with the NLRB and did not satisfy the "peripheral concern" exception articulated in 
Garmon
.  The court, however, found it more difficult to determine whether the plaintiffs' allegations satisfied the second 
Garmon
 exception involving interests "deeply rooted in local feeling and responsibility" (
Garmon
, 359 U.S. at 244, 3 L. Ed. 2d 775, 79 S. Ct. at 779) and a state's substantial interest in regulating conduct harmful to its citizens.  Nevertheless, the court concluded that because the conduct alleged by the plaintiffs in their complaint did not involve violence or threats of violence and did not result in arrests, it did not approach the outrageous conduct considered in 
Farmer
.  Accordingly, the court found that an exception to the preemption doctrine did not exist, and it dismissed the plaintiffs' complaint.

The plaintiffs filed a timely notice of appeal.

II. ANALYSIS

On appeal, the plaintiffs argue that the court erred as a matter of law in dismissing their complaint because their claim–that the defendant intentionally and falsely imprisoned them–was not preempted by the NLRA. 

A motion to dismiss made under section 2-619 admits the legal sufficiency of a plaintiff's complaint but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or that are established by external submissions acting to defeat the allegations of the complaint.  
Krilich v. American National Bank & Trust Co. of Chicago
, 334 Ill. App. 3d 563, 569-70, 778 N.E.2d 1153, 1160 (2002).  Proceedings under section 2-619 allow for the dismissal of a plaintiff's complaint after the circuit court has considered issues of law or easily proven issues of fact.  
Krilich
, 334 Ill. App. 3d at 570, 778 N.E.2d at 1160.  Appellate review of an order granting a motion to dismiss pursuant to section 2-619 is 
de novo
.  
American National Bank & Trust Co. v. Thomas
, 288 Ill. App. 3d 343, 346, 680 N.E.2d 480, 482 (1997).  

Section 2-619(a)(1) provides for a dismissal when "the court does not have jurisdiction of the subject matter of the action."  735 ILCS 5/2-619(a)(1) (West 2002).  The presence or absence of subject matter jurisdiction is determined from the nature of the case and the relief sought.  
Kemling v. Country Mutual Insurance Co.
, 107 Ill. App. 3d 516, 520, 437 N.E.2d 1253, 1256 (1982).  Illinois circuit courts are courts of general jurisdiction having original jurisdiction over all justiciable controversies (Ill. Const. 1970, art. VI, §9), except (1) cases over which the federal courts have exclusive jurisdiction (
The Moses Taylor v. Hammons
, 71 U.S. (4 Wall.) 411, 416, 18 L. Ed. 397 (1867)) (the judicial power of the federal government is exclusive in some cases and, under the United States Constitution, may be made exclusive in all other cases at the election and discretion of Congress)), (2) matters committed to administrative tribunals (see Ill. Const. 1970, art. VI, §9), and (3) those matters committed by the Illinois Constitution to the exclusive original jurisdiction of the Illinois Supreme Court (Ill. Const. 1970, art. VI, §9).  See 3 R. Michael, Illinois Practice §§1.2, 2.1 (1989).

In 
San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon
, 359 U.S. 236, 3 L. Ed. 2d 775, 79 S. Ct. 773 (1959), the United States Supreme Court stated, "When an activity is arguably subject to §7 or §8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference with national policy is to be averted."  
Garmon
, 359 U.S. at 245, 3 L. Ed. 2d 775, 79 S. Ct. at 780.  Section 7 of the NLRA provides as follows:

"Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection[] and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title."  29 U.S.C. §157 (2000).

Pertinent portions of section 8 provide the following:

"It shall be an unfair labor practice for an employer–

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;

***

(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization ***."  29 U.S.C. §158(a)(1), (a)(3) (2000).

The 
Garmon
 Court noted that the preemption of state causes of action is essential to the administration of the NLRA, which entrusts the administration of our nation's labor policy to the procedures, specialized knowledge, and experience of the NLRB.  
Garmon
, 359 U.S. at 242, 3 L. Ed. 2d 775, 79 S. Ct. at 778.  The preemption of state causes of action (1) is required regardless of whether the NLRB decides that the alleged activity is protected by section 157 or prohibited by section 158, (2) may apply even when the NLRB decides that the alleged activity is not prohibited or protected, and (3) may also apply where the NLRB declines to assert its jurisdiction or refuses to file a complaint on the allegation.  
Garmon
, 359 U.S. at 245-46, 3 L. Ed. 2d 775, 79 S. Ct. at 780.  Only two narrow exceptions exist in which the NLRA does not preempt state remedies: (1) where the activity regulated by the state is "a merely peripheral concern" to federal labor law or (2) where the state-regulated conduct "touch[es] interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional discretion, [it cannot be] infer[red] that Congress had deprived the States of the power to act."  
Garmon
, 359 U.S. at 244, 3 L. Ed. 2d 775, 79 S. Ct. at 779.

Despite the plaintiffs' contentions to the contrary, we find that the activity alleged in the plaintiffs' complaint 
could arguably
 be subject to protection under section 8 of the NLRA.  As the later unfair labor charge filed by the IUOE demonstrates, the incident related in the plaintiffs' complaint could be cast as activity that is 
arguably
 subject to section 8 coverage.  Perhaps in anticipation of this finding, the plaintiffs have characterized the issue presented by their appeal as a question of whether the tortious act of false imprisonment or unlawful restraint is activity that is of "peripheral concern" under federal labor law or regulated conduct "touch[ing] interests so deeply rooted in local feeling and responsibility that" it cannot be inferred that Congress deprived Illinois of the power to act. 

As a matter of course we note that each party has devoted a considerable portion of its argument to a discussion of the subsequent filing of an unfair labor practice charge with the NLRB concerning the same incident alleged in the plaintiffs' complaint.  However, the mere filing of an unfair labor practice charge with the NLRB does not divest state courts of jurisdiction that would otherwise result from the exceptions to preemption announced in 
Garmon
.  
Alexander v. Standard Oil Co.
, 53 Ill. App. 3d 690, 695, 368 N.E.2d 1010, 1013 (1977); 
May Department Stores Co. v. Teamsters Union Local No. 743
, 64 Ill. 2d 153, 163, 355 N.E.2d 7, 11 (1976).  Accordingly, our focus remains trained on whether the underlying allegations in the plaintiffs' complaint satisfy either of the well-established exceptions to the preemption doctrine articulated in 
Garmon
.

The 
Garmon
 exceptions to preemption are essentially a balancing of interests.  
Lowe Excavating Co. v. International Union of Operating Engineers Local No. 150
, 180 Ill. App. 3d 39, 45, 535 N.E.2d 1065, 1069 (1989).  This balancing requires the weighing of the federal interest of maintaining a uniform body of rules addressing labor disputes and the interests of states in protecting its citizens from harmful or inappropriate conduct.  
Lowe Excavating Co.
, 180 Ill. App. 3d at 45, 535 N.E.2d at 1069.  The balancing of these interests requires an examination of the potential interference with the national labor policy if the state were to be allowed to adjudicate the matter in controversy.  
Lowe Excavating Co.
, 180 Ill. App. 3d at 45, 535 N.E.2d at 1069.  Where the risk of interference is minimal and the activity at issue is of only peripheral concern to the NLRA, the matter is excepted from preemption and the state has subject matter jurisdiction.  
Lowe Excavating Co.
, 180 Ill. App. 3d at 45, 535 N.E.2d at 1069.

In 
Linn v. United Plant Guard Workers of America, Local 114
, 383 U.S. 53, 15 L. Ed. 2d 582, 86 S. Ct. 657 (1966), the United States Supreme Court held, "[A] State's concern with redressing malicious libel is 'so deeply rooted in local feeling and responsibility' that it fits within the exception specifically carved out by 
Garmon
."  
Linn
, 383 U.S. at 62, 15 L. Ed. 2d 582, 86 S. Ct. at 663 (quoting 
Garmon
, 359 U.S. at 244, 3 L. Ed. 2d 775, 79 S. Ct. at 779).  The 
Linn
 Court concluded that a defamation arising out of a labor dispute should not give the NLRB exclusive jurisdiction to remedy the matter and that alleged defamatory statements, in and of themselves, do not constitute an unfair labor practice.  
Linn
, 383 U.S. at 63, 15 L. Ed. 2d 582, 86 S. Ct. at 663.  The Court discussed the NLRB's inability to address such a matter, pointing out that the NLRB would look only to the coercive or misleading nature of the actual statements made instead of their defaming nature and effect upon the individual.  
Linn
, 383 U.S. at 63, 15 L. Ed. 2d 582, 86 S. Ct. at 663.  The Court also recognized that the injury to reputation that the individual might sustain as a result of the defaming statements, whether the individual be an employer or a union member, would not be relevant to the NLRB's inquiry in such a matter and that the NLRB could not award damages or other relief to make the 
individual
 whole.  
Linn
, 383 U.S. at 63, 15 L. Ed. 2d 582, 86 S. Ct. at 663.  Antithetically, the Court observed that the remedies available in a state court action to address such injuries were designed to compensate the individual harmed and to allow him or her to be made whole.  
Linn
, 383 U.S. at 63-64, 15 L. Ed. 2d 582, 86 S. Ct. at 663.  This reasoning led the Court to conclude, "The [NLRB's] lack of concern with the 'personal' injury caused by malicious libel, together with its inability to provide redress to the maligned party, vitiates the ordinary arguments for pre[]emption."  
Linn
, 383 U.S. at 64, 15 L. Ed. 2d 582, 86 S. Ct. at 663-64.

We find that the reasoning in 
Linn
 applies with equal force to the matter now before us.  The tort of false imprisonment, in and of itself, does not constitute an unfair labor practice under the NLRA.  Though the NLRB might find that the alleged tortfeasor violated section 8 in intentionally imprisoning the individuals or that the imprisonment occurred during the exercise of concerted activities, in addressing the matter the NLRB would look only to the coercive nature of the act as it relates to the plaintiffs' employment rights.  The indignity, humiliation, and disgrace allegedly suffered by the plaintiffs would not be a relevant consideration of the NLRB, and it is not empowered to award damages or other relief, whereas state remedies would attempt to compensate the plaintiffs in an effort to make them whole.  We, like the Court in 
Linn
, are concerned that the NLRB could not grant the individual plaintiffs effective relief for the injury they have allegedly suffered and would thereby deny them their right to redress for an otherwise actionable wrong.

Though the parties have forwarded arguments on this and other cases in support of their respective positions, neither has cited to, nor are we aware of, any United States Supreme Court or Illinois cases holding that the tort of false imprisonment is preempted by federal labor law or qualifies under one of the narrow exceptions articulated in 
Garmon
.  However, in 
Radcliffe v. Rainbow Construction Co.
, 254 F.3d 772 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit, faced with facts and arguments very similar to those presented in the case 
sub judice
, found that the state-law tort of false imprisonment involved interests " 'so deeply rooted in local feeling and responsibility that *** [it] could not [be] infer[red] that Congress had deprived the States of power to act' " and therefore was not subject to NLRA preemption.  
Radcliffe
, 254 F.3d at 785 (quoting 
Garmon
, 359 U.S. at 243-44, 3 L. Ed. 2d 775, 79 S. Ct. at 779).  

Radcliffe
 arose out of a dispute over the right of union representatives to visit the construction sites of a nonunion general contractor in order to inspect working conditions for safety and prevailing wage violations.  The union representatives entered the construction sites of the defendant and refused to depart after being asked to do so by officials employed by the defendant.  The defendant's president ultimately effected citizen's arrests of several of the union representatives.  The union representatives were later charged, prosecuted, and acquitted of trespass.  After their acquittal, the union representatives brought an action against the defendant in federal district court alleging the intentional tort of false imprisonment.  The district court granted the defendant's motion for a summary judgment, and the union representatives appealed. 

In reversing the district court's grant of a summary judgment in favor of the defendant, the court of appeals held that the state-law tort of false imprisonment was not preempted by the NLRA.  
Radcliffe
, 254 F.3d at 784-85.  The court reasoned as follows:

"The general rule is that §7 of the NLRA protects concerted activity, but it does not confer on non[]employees the right to conduct that activity on the employer's property, unless there is no other means of reaching the employees.  [Citation.]  Thus, when a union's picketing activities trespass on an employer's property, the employer ordinarily may maintain a trespass action against the union; the trespass claim is not preempted even though the union's picketing was arguably prohibited or protected by federal law.  [Citation.]  The property right underlying the law of trespass, of course, is a matter of state law.

We conclude that the state-law torts of false arrest, false imprisonment, and malicious prosecution arising out of such a trespass arrest are similarly not preempted by the NLRA.  Freedom of citizens from false arrest, false imprisonment, and malicious prosecution 'touch[es] interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of power to act.'  [Citation.]  Thus false arrest, false imprisonment, and malicious prosecution are similar to torts of threatened violence, traditionally held not to be preempted [citation] or intentional infliction of emotional distress[] and defamation, both of which the Supreme Court has held to be excepted from 
Garmon
's preemption rule even though they involve conduct arguably protected or prohibited by the NLRA.  [Citations.]"  
Radcliffe
, 254 F.3d at 784-85.

Though not bound by the decision in 
Radcliffe
, we are nevertheless persuaded by its reasoning and similarly conclude that the tort of false imprisonment invokes interests "so deeply rooted in local feeling and responsibility" (
Garmon
, 359 U.S. at 243-44, 3 L. Ed. 2d 775, 79 S. Ct. at 779-80) that it is not preempted by federal labor law.  False imprisonment is an action that requires the plaintiff to establish that his or her personal liberty was unreasonably or unlawfully restrained against his or her will and that the defendant caused or procured the restraint and actually or legally intended the restraint.  
Arthur v. Lutheran General Hospital, Inc.
, 295 Ill. App. 3d 818, 825-26, 692 N.E.2d 1238, 1243 (1998).  Here, as in 
Radcliffe
 and 
Linn
, the state court deciding the plaintiffs' false imprisonment common law tort claim would focus on issues different from those central to the unfair labor practice claim filed by the IUOE.  

The balance of the federal interests in maintaining a uniform labor policy and our state's interest in protecting its citizenry from harmful or inappropriate conduct weighs in favor of the latter.  We find that the "potential for interference [with the federal labor scheme] is insufficient to counterbalance the legitimate and substantial interest of the State in protecting its citizens."  
Farmer
, 430 U.S. at 304, 51 L. Ed. 2d 338, 97 S. Ct. at 1065.  Although false imprisonment may simultaneously serve as the basis for an unfair labor charge, the redress of the individualized injury alleged by the plaintiffs is only of peripheral concern to our nations' labor policy and does not pose a significant obstacle to administering the NLRA uniformly.  The potential risk of interference with labor policy presented by the adjudication of the allegations forwarded by the plaintiffs in their complaint is slight, if it exists at all.  

We hold that the common law tort of false imprisonment is not preempted by the NLRA.  Accordingly, the original jurisdiction of the circuit court vests it with the power to adjudicate the subject matter of the cause asserted and, if appropriate, to provide the relief sought.  

III. CONCLUSION

For the forgoing reasons, the judgment of the circuit court dismissing the plaintiffs' complaint for lack of subject matter jurisdiction is reversed, and the cause is remanded.

Reversed; cause remanded.

GOLDENHERSH and DONOVAN, JJ., concur.

NO. 5-02-0287

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

TROY RUSSELL, DOUG CAMPBELL, )  Appeal from the 

MICHAEL GOETZ, EDWARD NUTANT, )  Circuit Court of 

BRAD SCHAIVE, RANDY MAYHEW, )  Montgomery County.

LARRY RENOUD, and SHAWN )

ALTEMEIER, )

)

Plaintiffs-Appellants, )

v. )  No. 01-L-27

)

KINNEY CONTRACTORS, INC., )  Honorable

)  Mark M. Joy, 

Defendant-Appellee. )  Judge, presiding.

___________________________________________________________________________

Opinion Filed
: July 30, 2003

___________________________________________________________________________

Justices
: Honorable Melissa A. Chapman, J.

Honorable Richard P. Goldenhersh, J., and

Honorable James K. Donovan, J.,

Concur

___________________________________________________________________________

Attorney
 Michael W. O'Hara, Cavanagh & O'Hara, 407 East Adams Street,

for
 P.O. Box 5043, Springfield, IL  62705

Appellants
 

___________________________________________________________________________

Attorney
 Stanley N. Wasser, Feldman, Wasser, Draper & Benson, 1307 South

for
 Seventh Street, P.O. Box 2418, Springfield, IL  62705

Appellee
 

___________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 07/30/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.