FOURTH DIVISION 

                                                     June 9, 2005

1-04-0130

In re 
ESTATE OF JOHN MOHR, Deceased. ) Appeal from the

) Circuit Court

(Wilma Thinschmidt, ) of Cook County.

)

Petitioner-Appellant, )

)   

)

Thomas Cartalino, as Executor of        )

the Estate of John Mohr, Deceased,      )

and as Legatee and Individually,     ) Honorable

) Jeffery A. Malak,

Respondent-Appellee). ) Judge Presiding.

JUSTICE QUINN delivered the opinion of the court:

Wilma Thinschmidt filed a petition in the circuit court of Cook County pursuant to section 8-1 of the Illinois Probate Act of 1975 (755 ILCS 5/8-1 (West 2002)) to contest the validity of her brother's will.  The executor of the brother's estate moved to dismiss Thinschmidt's petition under section 2-619(a)(5) of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2002)) based on the fact that the petition was untimely.  The motion to dismiss was granted because the trial court found it lacked jurisdiction due to the fact that the action was not timely filed.  Thinschmidt now appeals that dismissal and contends that the trial court maintained jurisdiction to hear her petition to contest the validity of her brother's will.  For the reasons that follow, we affirm the trial court's order dismissing Thinschmidt's petition.

BACKGROUND

John Mohr died on February 20, 2003, with a will dated January 26, 2003. Joseph McDonough, a nephew of the deceased, filed a petition for letters of administration.  He was appointed an independent administrator on February 24, 2003.  On March 7, 2003, Thomas Cartalino filed his cross-petition for probate of will and for letters testamentary.  Pursuant to the cross-petition, Mohr's will was admitted to probate on March 7, 2003.  The letters of office previously issued to McDonough were revoked.  

Concurrent with the admission of the will to probate, Mohr's sister Wilma Thinschmidt filed a petition for proof of will pursuant to section 6-21 of the Probate Act (755 ILCS 5/6-21 (West 2002)).  The hearing on the formal proof of will was set for May 2, 2003.  The trial court heard testimony from Michael Malinowski, one of the attesting witnesses and Robert Kall, an attorney and scrivener.  The hearing was continued approximately seven times due to the inability to locate one of the witnesses to the will.  On March 3, 2004, the missing witness, James Peck, testified as to the due execution and attestation of the decedent's will and the trial court entered an order confirming the order admitting the will to probate.

On July 30, 2003, during the pendency of the petition for proof of will, Thinschmidt requested and was granted leave to file a petition to contest the admission of the will.  Thinschmidt filed a petition to contest admission of the will on September 11, 2003.   

 Cartalino filed a motion to dismiss the petition to contest the admission of the will on the basis that the six-month statutory period had expired.  Following a hearing on Cartalino's motion to dismiss, the trial court found that the petition to contest admission of the will was not filed within the six-month period as required by section 8-1 of the Probate Act (755 ILCS 5/8-1(a) (West 2002)) and that the court did not have jurisdiction to hear the petition.  The trial court then entered an order granting Cartalino's motion and dismissing the petition to contest admission of the will.  Thinschmidt now appeals.

ANALYSIS

Thinschmidt contends on appeal that the trial court erred in dismissing her petition to contest admission of the will.  She argues that the trial court gave her leave to file the document, clearly contemplating the filing of a petition at some point in the future.  She argues that she should not be punished when the trial court’s order set no time restriction for actually filing the petition. Thinschmidt also notes that, at the time she was granted leave to file, the petition for proof of will was pending and unresolved.  Thinschmidt argues that, by granting leave to file, the trial court necessarily retained jurisdiction to enforce that order and to hear her will contest. 

"[T]he right to contest the validity of a will is purely statutory.  It must be exercised by the person or persons, in the manner, and within the time prescribed by the Probate Act."  
In re Estate of Schlenker
, 209 Ill. 2d 456, 461-62 (2004), citing 
Handley v. Conlan
, 342 Ill. 562, 565 (1931).  An action to admit a will to probate cannot be expanded to constitute a will contest, and 
if no direct proceeding to contest the will is brought within the statutory period, the validity of the will is established for all purposes.  
In re Estate of Mayfield
, 288 Ill. App. 3d 534, 538 (1997).
       

Section 8-1 of the Probate Act provides, in pertinent part, as follows:

"Within 6 months after the admission to probate of a domestic will *** any interested person may file a petition in the proceeding for the administration of the testator’s estate or, if no proceeding is pending, in  the court in which the will was admitted to probate, to contest the validity of the will."  755 ILCS 5/8-1(a) (West 2002).

The time limit set out in the statute limiting the time in which to file will contests is not a statute of limitations in the ordinary sense but is a jurisdictional statute, for without compliance with the applicable time limit, the trial court loses jurisdiction to hear the will contest.  
Julia Rackley Perry Memorial Hospital v. Peters
, 81 Ill. App. 3d 487, 489 (1980).
  
"[T]he basic justification for the construction of the statute as one of a limitation on the trial court's jurisdiction is the necessity to expedite the administration and distribution of estates and to prevent undue delay in the settlement and determination of property interests created by a will."  
Julia Rackley Perry Memorial Hospital
, 81 Ill. App. 3d at 490.

 In this case, the decedent's will was admitted to probate on March 7, 2003, and, therefore, pursuant to section 8-1 of the Probate Act, Thinschmidt had six-months from that date to file a petition to contest the validity of that will.  However, Thinschmidt filed her petition to contest the will on September 11, 2003, beyond the required six month period.  

Thinschmidt argues, nonetheless, that the trial court's order granting leave to file a petition to contest the will, entered during the statutory period to contest the will, conferred jurisdiction on the court to hear the later-filed contest.  We reject this argument because section 8-1 of the Probate Act specifically requires that the petition to contest the validity of the will be 
filed
 within six months after the admission to probate of the will.  "Where a statute is clear and unambiguous, we cannot restrict or enlarge its meaning.  Rather, we must interpret and apply it in the manner in which it was written.  We cannot rewrite a statute to make it consistent with the court’s idea of orderliness and public policy."  
Estate of Schlenker
, 209 Ill. 2d at 466, citing 
Henrich v. Libertyville High School
, 186 Ill. 2d 381, 394-95 (1998).  Accordingly, the trial court lacked jurisdiction to hear Thinschmidt's petition to contest the will where she failed to file it within the statutory time period.  
Julia Rackley Perry Memorial Hospital
, 81 Ill. App. 3d at 489.
  

In rejecting Thinschmidt's argument, we also find her reliance on 
Sponemann v. Country Mutual Insurance Co.
, 98 Ill. App. 3d 352 (1981) unavailing
.  
In 
Sponemann
, the plaintiffs' complaint against their insurance company was dismissed by the trial court, and on the thirtieth day after that dismissal, the trial court granted plaintiffs leave to file an amended complaint.  The plaintiffs filed an amended complaint several weeks after the court granted leave to file such complaint, and, therefore, the amended complaint was filed beyond the 30-day retention-of-jurisdiction period.  The defendants argued that the trial court's dismissal of the original complaint did not allow leave to file an amended complaint and was therefore an appealable order.  Since plaintiffs did not appeal, defendants argued that the trial court lost jurisdiction of the case.  The appellate court held that because the trial court entered an order granting plaintiffs leave to file the amended complaint on the thirtieth day after dismissing the original complaint, the trial court retained jurisdiction to hear the amended complaint.  
Sponemann
, 98 Ill. App. 3d at 358.  Unlike 
Sponemann
, this case involves the ability of an interested party to file a petition to contest the validity of a will under the specific provisions of the Probate Act.  In addition, unlike 
Sponeman
, Thinschmidt failed to timely file an original petition to invoke the trial court's jurisdiction.      

CONCLUSION

For the above-stated reasons, we affirm the order of the circuit court of Cook County dismissing Thinschmidt's petition to contest the admission of the will.

Affirmed.

REID, P.J., dissents.

GREIMAN, J., concurs. 

PRESIDING JUSTICE REID, dissenting:

I dissent.  The majority correctly identifies the controlling law in the area of will contests.  According to the Illinois Supreme Court, “[t]he right to contest the validity of a will is purely statutory[, and] must be exercised by the person or persons, in the manner, and within the time prescribed by the Probate Act.”  
In re Estate of Schlenker
, 209 Ill. 2d 456, 461-62 (2004), citing 
Handley v. Conlan
, 342 Ill. 562, 565 (1931).  However, I believe that, even back in the days of 
In re Estate of Spatis
, 104 Ill. 2d 431, 433 (1984), when the right to contest a will was held to be constitutionally-based
, the Supreme Court recognized the time limit as a condition precedent to filing and thereby giving notice to the interested parties and the trial court.  Regardless of whether 
Schenkler
 or 
Spatis
 was the controlling law at the time, the purpose of the time limit, in addition to the orderly administration of estates, is one of jurisdiction and notice.

The general rule is that “[a]n action to admit a will to probate cannot be expanded to constitute a will contest.”  
In re Estate of Mayfield
, 288 Ill. App. 3d 534, 538 (1997), citing 
In re Estate of Marcucci
, 54 Ill. 2d 266, 270 (1973).  “Nevertheless, if no direct proceeding to contest the will is brought within the statutory period, the validity of the will is established for all purposes.”  
Estate of Mayfield
, 288 Ill. App. 3d at 538, citing 
Robinson v. First State Bank
, 104 Ill. App. 3d 758, 761-62 (1982), 
rev’d in part on other grounds
, 97 Ill. 2d 174 (1983).

Normally, where a potential contestant was attempting to expand the formal proof of a will process to include a petition to contest, I would not hesitate to apply 
Marcucci
, and 
Mayfield
 as those cases interpret the plain, unambiguous language of section 8-1 of the Probate Act. 755 ILCS 5/8-1(West 2002)  However, this is not a normal case.  Though not technically required, Thinschmidt interposed her request for leave to file the will contest petition within the statutory time-frame.  This request for leave took place in the context of a contested hearing regarding the formal proof of will.  At that point, when the trial court was asked by Thinschmidt for leave to subsequently file a physical document memorializing her intention to contest the will, the trial court was made aware that there was a party who objected to the will.  I find it irrelevant that the proceedings stemming from the will contest petition were heard by a judge other than the one who granted leave to file.  “Illinois circuit courts are courts of general jurisdiction having original jurisdiction over all justiciable controversies (Ill. Const. 1970, art. VI, §9), except (1) cases over which the federal courts have exclusive jurisdiction (
The Moses Taylor v. Hammons
, 71 U.S. (4 Wall.) 411, 416, 18 L. Ed. 397 (1867) (the judicial power of the federal government is exclusive in some cases and, under the United States Constitution, may be made exclusive 'in all other cases at the election and discretion of Congress')), (2) matters committed to administrative tribunals (see Ill. Const. 1970, art. VI, § 9), and (3) those matters committed by the Illinois Constitution to the exclusive original jurisdiction of the Illinois Supreme Court (Ill. Const. 1970, art. VI, § 9). See 3 R. Michael, Illinois Practice §§ 1.2, 2.1 (1989)."  
Russell v. Kinney Contractors, Inc.
, 342 Ill. App. 3d 666, 670-71 (2003). 

This court has consistently recognized “Illinois’ longstanding policy favoring the orderly administration of estates.”  
In re Estate of Jeziorski
, 162 Ill. App. 3d 1057, 1062 (1987), citing 
In re Estate of Moerschel
, 86 Ill. App. 3d 482 (1980).  “We further recognize the purpose of [the] legislature in passing probate acts is to ensure that all claims relating to the administration of estates are handled in the probate proceedings, thereby providing a single forum for settling the rights of the parties.”  
Estate of Jeziorski
, 162 Ill. App. 3d at 1062, citing G. Bogert, The Law of Trusts and Trustees, sec. 477 (revised 2nd ed. (1978).)  Here, Thinschmidt was late in getting her physical document filed before the court.  However, it cannot come as a surprise to the court or the parties that the document was coming.  The entry of the order granting leave clearly contemplates that the parties praying for said leave will actually do that which was asked for in the petition for leave of court.  I might feel differently had there been no request for leave.  Because there was such a timely request for leave, I feel it would be wrong to exalt form over substance.   From a jurisdictional perspective, Thinschmidt declared her intention to subsequently file thereby invoking the subject matter jurisdiction of the court.  While better practice would have been to file the physical document within the statutory time frame, I believe her oral motion backed up by a written court order was sufficient.